THE STATE v. TURNEY.

1. **Criminal Law:** APPEAL: CLERK'S CERTIFICATE TO EXPLAIN RECORD: EVIDENCE ON TRIAL. In this case the record in the district court, as certified to this court, is full and regular, and shows a trial by jury upon the evidence, and a verdict of guilty. The clerk of the district court, however, certifies that no evidence was introduced on the trial except the minutes of evidence taken before the grand jury. *Held* that the clerk had no legal authority to make such certificate, and that it could not be considered, but that this court, in the absence of exceptions to the evidence, must presume that defendant was convicted upon proper evidence; but if such certificate were considered and taken as true, still this court could not interfere, because no objection was made to the evidence named therein, and it was competent for defendant to waive the privilege of being confronted with the witnesses against him. (See *State v. Polson*, 29 Iowa, 133, and *State v. Fooks*, 65 Iowa, 452.)

2. **Larceny and Burglary:** MITIGATION OF PUNISHMENT ON APPEAL. Defendant was convicted of burglary on six indictments and of larceny, committed in connection with his burglaries, on six other indictments, and was sentenced in the aggregate to seventeen and one-half years in the penitentiary. There can be no doubt of his guilt in each case. The total value of the stolen property was found to be $566. *Held* that this court must be governed wholly by the record, and that there is nothing in the record in this case justifying a mitigation of the sentence. Considerations in defendant's favor not found in the record are proper only to be urged in an application to the executive for pardon.

*Appeal from Jackson District Court.*—HON. WALTER I. HAYES, Judge.

FILED, MAY 9, 1889.

AT the December term, 1885, of the district court of Jackson county, twelve indictments were found against the defendant. Six of these indictments charged the defendant with larcenies, and the others were charges for burglariously breaking and entering buildings. The defendant was in custody when the indictments

were found. He was arraigned upon each charge separately, and put upon trial. Verdicts of guilty were returned, and separate judgments were pronounced, by which the defendant was ordered to be confined in the penitentiary for the period of seventeen and one-half years, for all the crimes charged. The defendant appealed in each case, and all of the appeals were submitted to this court upon the same record and argument, and they will be disposed of in one opinion.

*C. C. Cole* and *A. H. Denman*, for appellants.

*John Y. Stone*, Attorney General, for the State.

ROTHROCK, J.—I. The judgments in all of the cases were rendered on the tenth day of December, 1885. The defendant has since that time been confined in the penitentiary. Appeals were taken by the service of the proper notices on the ninth day of December, 1886. After that time the defendant made application for the writ of *habeas corpus* against the warden of the penitentiary, and a trial was had as to the legality of his imprisonment. He was remanded to the custody of the warden, and upon appeal to this court the order was affirmed. See *Turney v. Barr*, 75 Iowa, 758. The appeals in these cases were submitted to this court after the proceeding in *habeas corpus* was finally disposed of. The cases are presented upon transcripts, which are substantially alike. We will give the material part of one of them: "Now, on this tenth day of December, A. D. 1885, this cause came on for trial; the plaintiff appearing by M. V. Gannon, district attorney, and, the defendant being without means with which to employ counsel, the court appointed D. A. Wynkoop, Esq., attorney to defend him. The defendant, being arraigned, says he is indicted by his right name, and pleads not guilty. And thereupon came a jury of twelve good and lawful men, who were duly sworn to well and truly try said cause, and a true verdict render therein. And the said jury, having heard the evidence and received the

1 CRIMINAL law: appeal: clerk's certificate to explain record: evidence on trial.

charge of the court, returned their verdict in words and figures following, to-wit: 'We, the jury, find the defendant guilty, and find the property stolen to be of the value of forty-five dollars. R. C. Westbrook, Foreman.' And on the same day, to-wit, December 10, 1885, the court sentenced the defendant (he waiving time) to imprisonment in the penitentiary at Anamosa for the term of six months. It is therefore ordered by the court that the defendant, Chester Turney, be taken by the sheriff, and conveyed to the penitentiary at Anamosa, Iowa, and there confined at hard labor for the term of six months; and that D. A. Wynkoop be allowed ten dollars for defending; and that judgment be entered against the defendant for costs."

No complaint is made to the finding and presentment of the indictments by the grand jury, nor to the arraignment and plea, but many objections are made to the manner in which the trials were conducted. It is enough to say that the record above set out shows no error, nor even any irregularity, prejudicial to the defendant. It appears therefrom that the defendant was arraigned; that he pleaded not guilty; that an attorney was appointed by the court to defend him; that a jury was empaneled and sworn; that the jury heard the evidence, and received the charge of the court, and returned its verdict; and that judgment was pronounced thereon on the same day, and defendant waived the time of sentence. These are about all the requisites of an orderly and legal trial of criminal cases. This is the record by which we must be governed in the determination of these appeals. We are not permitted to consider the facts upon which reliance was had in the *habeas corpus* proceeding, nor can we presume that the court pronounced sentence without having allowed six hours to elapse after verdict, as provided by section 4496 of the Code, and the record shows that the time was waived by the defendant.

It is stated in the record that the jury heard the evidence. The clerk of the district court made a certificate, in which he stated that the testimony taken before

The State v. Turney.

the grand jury was read to the trial jury, and that no other evidence was offered in the trials by either party. It is claimed that this was a gross error. It is no part of the duty of the clerk of the district court to make such a certificate. When he has certified the record as the court and the parties have made it, he has done every act which the law authorizes him to perform in a case appealed to this court; and even if the clerk could by certificate make a record, and if it be conceded that the testimony taken before the grand jury was all the evidence introduced on the trials, we could not reverse the judgments on that ground, because no objection was made to the evidence, and it was competent for the defendant to waive the privilege of being confronted with the witnesses against him. *State v. Polson*, 29 Iowa, 133; *State v. Fooks*, 65 Iowa, 452.

There are many other objections urged to the proceedings, but they do not appear of record. We cannot presume error. It must be made to appear affirmatively and from the record. The objections made to the form of the verdicts are absolutely without merit. They should be disregarded by the court, even if the attention of the court below had been called thereto, and a correction asked. The same may be said of objections to the form of the indictments. In short, there is nothing in the record in these cases which authorizes a reversal of the judgments. It is to be remembered that no objection was made nor exception taken to anything which was done in the court below.

II. We come now to what we regard as the only real question in these cases. It is urged with much earnestness by counsel for appellant that the punishment inflicted upon him is excessive. As we have said, there were twelve indictments. The acts with which the defendant was charged were the breaking and entering stores, a butcher-shop and other buildings, and stealing therefrom certain personal property. For each act two indictments were found,—one for breaking and entering, and the other for the larceny. These are

2. LARCENY and burglary: mitigation of punishment on appeal.

separate offenses, and under the law indictments may be returned for each, independent of the other. The jury found the stolen property to be of the value of five hundred and sixty-six dollars in the aggregate. The penalty inflicted is seventeen years and six months' imprisonment in the penitentiary. It is not claimed that the defendant's punishment should be reduced because there is doubt of his guilt. Such a claim cannot be made, in the face of the record before us. It is not a case for sympathy, upon the ground that an innocent man has been convicted of crime. The evidence taken before the grand jury is quite full and explicit. It shows without question that the defendant committed the crimes with which he was charged. He was arrested very soon afterwards, and nearly all of the stolen property was found either in his actual possession or concealed in places which he pointed out. In short, he made a full confession of the acts charged, and nearly all of the property was recovered by the owners. In view of these facts, it is easy to understand why no defense was made in his behalf; and as section 3775 of the Code provided that a district attorney was allowed, for each conviction on a plea of guilty, the sum of five dollars, and for each jury trial, in cases of felony, the sum of twenty dollars, to be paid by the county, it is not difficult to comprehend why there were twelve jury trials. It was this unwarranted multiplication of jury trials which gave rise to the gross irregularities of which mention was made in the case of *Turney v. Barr*, above cited. There was no demand for any jury trial for any purpose but to manufacture attorney's fees. The defendant made no real denial of his guilt, and there was no defense that could have been made for him. He broke open buildings and stole property of the value of five hundred and sixty-six dollars, and his crimes demanded more than merely nominal punishment.

In determining the question whether the term of imprisonment should be reduced, we must be governed

by the record before us. We know nothing of the defendant's antecedents. His previous character, whether good or bad, is an important consideration in determining the question. In short, the record presents no case for mitigation of the sentence. We determined in the case of *Arthur v. Craig*, 48 Iowa, 264, that the governor of the state has power to annex to a pardon any condition, precedent or subsequent, provided it be not illegal, immoral or impossible to be performed. It is well understood that, in exercising the pardoning power, there are many considerations presented to the executive which cannot be considered by this court in passing upon the question of the extent of punishment proper to be inflicted upon a criminal. If this court were to reduce the sentence, we can attach no conditions. We have concluded that we ought not to make any order in the premises. If all that is claimed in defendant's behalf in the argument of his counsel is true, the case is a proper one to be presented to the executive; but we are not permitted, under the law, to consider questions which do not arise upon the record. The judgment of the district court will be

AFFIRMED.