## D. R. JOHNSON V. THE STATE.

No. 16680.   Delivered May 2, 1934.
Rehearing Denied June 13, 1934.

The opinion states the case.

*Shields I. Cornett*, of Linden, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for chicken theft; punishment, a fine of ten dollars.

Appellant raises many questions,, and has prepared and presents a brief showing labor and effort.

He directs complaint at the statute under which this prosecution is had. See Chap. 108, Acts 41st Legislature, Regular Session. Said statute penalizes him who steals chickens, turkeys, etc. Art. 1425 of our Penal Code, 1925, makes the word "Steal" to mean and include theft of property mentioned in such connection.

Complaint is made of the fact that the offense involved is punishable by imprisonment in the penitentiary, also by imprisonment in the county jail, and also by fine, and it is insisted that this fact makes the law invalid. Art. 47, P. C. provides that every offense which may—not must—be punishable by confinement in the penitentiary, is a felony, and we do not think the fact that there are alternative punishments which might have been deemed properly affixed to misdemeanor offenses, would prevent this case from being a felony. Examination of the Acts of the 41st Legislature, above referred to, makes plain the fact that by same the taking of any chicken or turkey was specifically made a felony. There is no doubt of the authority and power of the legislature to select any kind of property and make the taking of that property a felony, and in such case it is not necessary to allege the value of the property so taken. See Arts. 1420-1423 P. C., 1925. In his brief appellant cites the case of Hasley v. State, 94 S. W., 899, as supporting his contention that the indictment is bad because no value is therein assigned to the chickens alleged to have been taken. When the opinion in said case was written there was no statute in this State making the theft of chickens per se a felony, hence the holding. Not so now.

We do not think the enactment set out in Chap. 108, supra, is unconstitutional. The reasons advanced by this court in Redding v. State, 6 S. W. (2d) 361, for holding the statute there involved unconstitutional, are not found in the present case. The law there involved was one which made the act of taking any chicken both a felony and a misdemeanor. In the law of the case before us the taking of any chicken, turkey, etc., is made only a felony. We have carefully examined all of the authorities cited by appellant in his brief. We find nothing in Sec. 35 of Art. 3, or Sec. 10 of Art. 1 of our Constitution which

is in anywise transgressed by the statute here attacked and involved.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—As stated in our original opinion appellant was convicted for the theft of chickens, his punishment being assessed at a fine of $10. By Chap. 108, Acts 41st Leg., p. 247, the theft of chickens or other domestic fowls was denounced as a felony, regardless of whether the punishment should be by confinement in the penitentiary or jail, or by a fine only. This being true, it became necessary for the court to pass sentence upon defendant as in other felony cases. See McFadden v. State, 108 Texas Crim. Rep., 166, 300 S. W., 54; Nicholson v. State, 110 Texas Crim. Rep., 112, 7 S. W. (2d) 1075. It appears from the transcript that the sentence pronounced in the present case, after the preliminary recitals, reads as follows: "It is the order of the court that the defendant D. R. Johnson, who has been adjudged to be guilty of the theft of chickens, and whose punishment has been prescribed at a fine of $10.00 be delivered by the sheriff of Cass County, Texas, immediately to the Superintendent of Penitentiaries of the State of Texas, or other person legally authorized to receive such convicts, and the said D. R. Johnson shall be confined in said penitentiaries until said fine is satisfied, in accordance with the provisions of the law governing the penitentiaries of said State, and the said D. R. Johnson is remanded to jail until said sheriff can obey the directions of this sentence."

By Chap. 101, Acts 41st Leg., p. 236, which appears as Art. 781a in the Cumulative Annual Pocket Part of Vernon's Ann. C. C. P., State of Texas, Vol. 3, it was provided as follows: "When a person is convicted of a felony, and the punishment assessed is only a fine or a term in jail, or both, the judgment may be satisfied in the same manner as a conviction for a misdemeanor is by law satisfied."

In his motion for rehearing appellant again calls our attention to the sentence in the present case. This was overlooked in our original opinion. It is insisted by appellant that the error in the sentence demands a reversal. We can not agree with this contention, but the sentence will be reformed to read as follows: It is ordered by the court that defendant D. R. Johnson who has been adjudged to be guilty of the theft of

chickens, and whose punishment has been prescribed at a fine of $10, be remanded to the custody of the sheriff of Cass County, Texas, who will commit him forthwith to jail until such fine and costs are paid or otherwise satisfied in the same manner as a conviction for misdemeanor is by law satisfied, and execution may issue against the property of said defendant for the amount of such fine and costs.

It appears from the record that on the same night the chickens in question were stolen a house belonging to the owner of the chickens was burglarized and quite a quantity of property taken therefrom; that before appellant was tried for the theft of the chickens he had entered a plea of guilty to burglarizing the house. Appellant complained because the court refused to instruct a verdict of not guilty upon the present trial, the request therefor being predicated upon the claim that the theft of the chickens was a part of the same transaction in which the burglary of the house occurred. The court properly declined to give such instruction. The chickens were not in the residence, but in the chicken house some distance therefrom, and even if they had been in the residence, there would be no merit in appellant's contention. A party may be prosecuted and convicted, if the evidence justifies it, for not only the burglary of a house, but also for the theft of property taken therefrom as a result of the burglary. The offense of burglary is complete upon the breaking and entry with intent to steal although no theft be actually committed. See Branch's Ann. Tex. P. C., Sec. 2358; Howard v. State, 8 Texas App., 447; Clark v. State, 59 Texas Crim. Rep., 246, 128 S. W., 131.

The sentence having been reformed to comply with the verdict and judgment, appellant's motion for rehearing will be overruled.

*Reformed and overruled.*