MAUDE FREELAND v. THE STATE.

No. 19026.   Delivered May 26, 1937.
On the Merits June 16, 1937.

The opinion states the case.

*E. T. Adams,* of Glen Rose, and *A. C. Chrisman,* of Cleburne, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft of turkeys; the punishment, a fine of one hundred dollars.

No sentence appears in the record. The offense for which appellant was convicted is a felony. This being true, it became necessary for the court to pass sentence upon her, as in other felony cases. Johnson v. State, 72 S. W. (2d) 288. In the absence of sentence this court is without jurisdiction.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON THE MERITS.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

Seventy-five young turkeys were stolen from C. A. Wirt on the 20th of May, 1936. Shortly after the theft he found his turkeys in the possession of Bill Archer. Archer, who was an accomplice witness, testified that appellant and her husband brought the turkeys to his home and asked him to raise them on the halves. He testified further that he thought the turkeys were stolen at the time he received them.

The testimony relied upon by the State to corroborate the accomplice witness was, in substance, as follows: Prior to the theft appellant was in the home of Mr. Wirt and had a conversation with his daughter, Sue Wirt, about turkeys. Appellant asked her how many turkeys they had and she told her the number. Also, she asked her where the turkeys were kept and she stated to her that they were below the hog pen. Again, appellant said that she had hired Bill Archer and was taking care of some of his turkeys for him at her home. The conversation then turned to a play to be given that night. Appellant asked her whether they were going to the play and she replied in the affirmative. The theft occurred on the night of the play. Shortly after the theft witnesses discovered a track in the turkey pen which appeared to have been made by the heel of a woman's shoe. After the turkeys had been discovered in the possession of Archer, appellant and her husband went to see Mr. Wirt, and requested him not to prosecute Archer. At this juncture we quote the testimony of Wirt, as follows: "When she came up there and said on account of Bill Archer working for them they would have to be in court; that when Bill Archer was in court they would have to be in court. She didn't tell me that Bill Archer being in the case would cause them to be accused. She said they would have to be in court about it. She talked to me about how hard a time Bill Archer had with his sick wife, and that she had given him work and done a lot of things for him. She said she didn't want me to become prosecutor against Bill Archer. They made all kinds of threats against me and my family there at that time." On another visit to the home of Mr. Wirt, appellant and her husband accused him and his wife of having insinuated that they had stolen his turkeys. They said they had heard that Mrs. Wirt had been going around town telling everybody that such was the fact. On this occasion appellant appeared to be angry. In the same

conversation she stated to Mr. Wirt that if he did not drop the charges against Archer, and she and her husband had to go to court, she would tell some things on Mr. Wirt.

Appellant did not testify but introduced her husband, who declared that on the night of the theft he and his wife were at home. He denied that they had any connection with the taking of the turkeys.

We think the conversations appellant had with the Wirts went no further than to show that she was trying to prevent the prosecution of Archer. We are unable to reach the conclusion that she said or did anything that tended to connect her with the commission of the offense. In short, we deem the testimony insufficient to corroborate the accomplice witness.

The clerk of this court is directed to recall the mandate heretofore issued in this case.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.