THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. STEVEN BYRA, PLAINTIFF IN ERROR.

Argued May 5, 1942—Decided June 6, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the plaintiff in error, *John E. Selser.*

For the state, *James A. Breslin,* Assistant Prosecutor of the Pleas.

The opinion of the court was delivered by

PARKER, J. The important, and determinative question in this case is whether, on an indictment in two counts, the first for breaking and entering by night with intent to commit grand larceny (*R. S.* 2:115-1) and the second for grand larceny admittedly committed at the same time as the breaking and entering and in connection therewith, and upon a verdict of guilty on each count, the court could lawfully impose a separate sentence on each count, the two sentences to run consecutively.

The facts are few and not in dispute at this time. On the night of September 6th, 1940, the plaintiff in error, with two others, who were indicted jointly with him and pleaded guilty, broke into a warehouse vault and stole a quantity of metallic mercury valued at many thousand dollars. The plaintiff in

error pleaded not guilty, and, as has been said, was convicted on both counts. The sentence was imprisonment for six to seven years on the first count, and similarly on the second count, the "sentences to run consecutively."

The assignments of error and specifications of causes for reversal are identical. The first point made for reversal is based on Nos. 10, 11 and 12. No. 10 alleges error in instructing the jury that the indictment charged plaintiff in error and his two co-defendants with the commission of two separate distinct offenses as to each of which the jury were required to bring in a verdict. The eleventh alleges error in refusing to arrest judgment on the ground that "defendant had been improperly convicted of two crimes arising out of the same transaction." The twelfth alleges error in sentencing separately on each count, the sentences to run consecutively.

It must be conceded that the cases in the various jurisdictions are not in accord on this point: but we incline to think that the disagreement is due in large measure to the form of the older indictments for burglary. In 1 *Hale P. C.* 559 the allegation is that defendant, broke and entered a mansion house and took and carried away certain goods. This, as the author says, "comprises two offenses, viz., burglary and felony" (larceny was a felony at common law, 4 *Blk.* 94, 229, *et seq.; Gardner* v. *State,* 55 *N. J. L.* 17). That form of indictment contained no direct allegation of intent to commit larceny, but the intent was inferable from the fact of larceny: and if under such an indictment the proof of stealing failed, there could not be a conviction of burglary. See *Chit. Crim. Law* 1114. But that rule seems to have been limited to a count for burglary alone, the allegation and proof of larceny being required to show intent to commit a felony, as an essential ingredient of the crime of burglary. But it is clear that burglary is proved on satisfactory evidence (1) of breaking and entering by night and (2) of the concomitant intent to commit felony, whether that intent be carried out or not. If the "felony" be in fact committed, it is a crime in itself, quite separate from the breaking and entering, and indictable as such. Hence the later practice of pleading

burglary in one count, charging only the intent in connection with the breaking and entering, and larceny or other common law felony in a separate count. In such case there may be a conviction on either count or on both, the crimes being legally separate. This distinction is well illustrated by the two Massachusetts cases of *Commonwealth* v. *Hope, 22 Pick.* 1, and *Josslyn* v. *Commonwealth, 6 Metcalf* 236, in each of which the opinion of the Supreme Court was delivered by Chief Justice Shaw. In the Hope case there were four counts, each a separate indictment based on a separate offense. Each count charged breaking and entering with intent to steal, and stealing certain described property. As the opinion says, page 2, "each therefore contains a substantive charge of housebreaking with a felonious intent, and of actual larceny in a dwelling house, *either of which is a distinct offense by the statute."* (Italics ours.) It was held that upon a general verdict of guilty, the defendant was to be sentenced as for housebreaking, and was not liable to a distinct sentence for larceny. But in the Josslyn case there were two counts; the first for breaking and entering with intent, and the second for larceny. The Hope case was cited for the plaintiff in error and is discussed in the opinion, which at page 240 reads as follows: "We think the distinction to be this: that where the breaking and entering, and actual stealing are charged in one count, there is but one offense charged, and there can be but one penalty adjudged. But where they are averred in distinct counts, as distinct substantive offenses not alleged to have been committed at the same time, and as one continued act; if, in other respects, they are such offenses as may be joined in the same indictment, the defendant may be convicted on both, and a judgment rendered, founded on both."

As noted in 9 *C. J.* 1058, there is a lack of uniformity in the several states on this point, but we are decidedly of the view that under a count for breaking and entering with intent, the proof of the crime is complete when those two elements are shown, irrespective of whether there was a carrying out of the intent, and sentence may be pronounced accordingly; and that the actual perpetration of the larceny or other crime is no part of the offense of breaking and entering with intent

but is a separate and distinct offense, at common law, and treated in a separate section of our Crimes Act. The former offense is denounced in *R. S.* 2:115-1, formerly section 131 of the Crimes Act, and the latter in 2:145-2 formerly section 158 of the same act, *Comp. Stat.* 1787, 1792. We consider the law in this state to be as stated in section 1062 of volume 1, *Bishop's New Criminal Law,* viz., "a first count may set out the breaking and entering with intent to steal, and a second may allege the larceny as a separate thing, and thereon the defendant may be convicted and sentenced for both."

The old case of *State* v. *Cooper,* 13 *N. J. L.* 361, is relied on for plaintiff in error; but we think it not in point. The indictment was in two counts; the first for murder by means of arson: the second to the same effect in different language. There was a prior indictment for arson, on which the defendant had been tried and convicted: and it was held that as the killing was caused by the arson, an indictment for such murder due to that arson was barred. But the killing was something incidental to the arson, and dependent on it. Here, as has been said, the breaking and entering was one crime, and the larceny another. If, after breaking and entering, the defendant had had a change of heart and had left the premises, he was still guilty under the first count, and would have been equally guilty if he had been surprised and captured before taking any property.

The other two points made for reversal seem trivial but may as well be noticed. Point 2 alleges error in allowing a question to the witness Prince, a police officer who searched the co-defendant Stetcko, "What did you find?" and similar questions to other witnesses as well as two exhibits, a revolver and a pair of gloves. All this was pertinent to and corroborative of the testimony of the witness Slavinsky, one of the two, who pleaded guilty and testified for the state. The testimony connected them up with the joint defendants and we see no error in admitting that testimony and the articles identified therein.

Finally, the claim of error in the charge where the court instructed the jury as follows:

"Under the evidence in this case it is not disputed that the crime of breaking and entering of the premises of F. W. Berk Company as described in the indictment took place at the time and place alleged in the indictment, and also that the crime of grand larceny was committed at the same time and place by the stealing of a certain quantity of mercury having a value of more than $20."

We see no error here. All the testimony as to the *corpus delicti* was in accord and undenied. The plaintiff in error testified as a witness, but wholly as to his own actions and absence from the place of the crime. The argument now made is that the plea of not guilty "was a dispute of the state's charge." But the judge was discussing, not the plea, but the evidence: and on the evidence, the principal dispute, if not the only one, was as to whether the plaintiff in error was a participant in the two crimes charged in the indictment.

We find no error, and the judgment is therefore affirmed.