MILES v. MAXWELL, WARDEN.

[Cite as Miles v. Maxwell, Warden, 1 Ohio St. 2d 85.]

(No. 39172—Decided January 27, 1965.)

Mr. David Miles, in propria persona.

Mr. William B. Saxbe, attorney general, and Mr. William C. Baird, for respondent.

Per Curiam. Petitioner contends that he was removed from Alabama without proper extradition proceedings, that he was denied a preliminary hearing, that the indictment did not contain the statute number or the name of the crime with which he was charged (there was a complete description of the crime charged in each count of the indictment), and that the statute number does not appear on the certificate of sentence. None of these matters are cognizable in or grounds for release by habeas corpus. *Tomkalski* v. *Maxwell, Warden,* 175 Ohio St. 377; *Jetter* v. *Maxwell, Warden,* 176 Ohio St. 219; *Douglas* v. *Maxwell, Warden,* 175 Ohio St. 317; *Norton* v. *Green, Supt.,* 173 Ohio St. 531; and *Orr* v. *Maxwell, Warden,* 174 Ohio St. 344.

Petitioner urges also that the prosecuting attorney concealed the fact that there was perjured testimony at petitioner's trial, and that during the course of the trial the prosecuting attorney commented on crimes for which defendant had been indicted but not yet tried. There is no evidence of this other than petitioner's own statement. However, even if true, it would be of no avail to petitioner. Petitioner is presently incarcerated as a result not only of his convictions by a jury but also his convictions by pleas of guilty. Thus, even if there was error in petitioner's trials, he is still subject to detention under his pleas of guilty, hence, relief by habeas corpus does not lie.

This is true also in relation to petitioner's contention that the same evidence was used at his trial on three separate charges.

Next, petitioner contends that two offenses should not arise out of the same statute. Apparently it is petitioner's contention that he should not be sentenced for both breaking and entering and grand larceny for the same burglary. These are separate and distinct offenses. As was stated in *Boyer* v. *Maxwell, Warden*, 175 Ohio St. 318, 319:

"* * * These are two separate and distinct offenses with entirely different elements. The offense of breaking and entering is accomplished at the time of the entry, and the accused is guilty thereof whether he commits the intended felony or not. The actual commission of the intended felony is not an element of the offense of breaking and entering. Where the felony actually is committed, a new and different crime arises for which the accused may also be convicted. See *Grove* v. *Maxwell, Warden*, 173 Ohio St. 559."

Therefore, the petitioner's contentions are not well taken.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.