**Edward A. MEAD, Appellant,**

v.

**STATE of Alaska, Appellee.**

**Nos. 1225, 1281.**

Supreme Court of Alaska.

Oct. 15, 1971.

Victor D. Carlson, Public Defender, and Dick L. Madson, Asst. Public Defender, Fairbanks, for appellant.

G. Kent Edwards, Atty. Gen., Juneau, Stephen Cooper, Dist. Atty., Fairbanks; and Monroe Clayton, Asst. Dist. Atty., Fairbanks, for appellee.

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR and ERWIN, JJ.

## OPINION

CONNOR, Justice.

Appellant Mead brings before us the question of whether his sentences for both larceny and burglary inflict an impermissible double punishment for what is essentially the same offense.

On October 31, 1966, Edward Mead was convicted of one count of burglary not in a dwelling, one count of larceny in a build-

ing, and one count of possession of firearms by a convict. He was sentenced to serve five years in prison for the burglary, an additional five years consecutively for the larceny, and two years concurrently for the firearms possession. The convictions arose out of a burglary in the Fairbanks Medical Clinic on May 21, 1966, during which a gun, some loose change, and some drugs were stolen. Mead v. State, 445 P.2d 229, 232 (Alaska 1968).

Since his conviction, Mead has prosecuted numerous unsuccessful appeals and applications for post-conviction relief.[1] On November 15, 1966, while his appeal was pending, Mead petitioned the superior court for post-conviction relief under Criminal Rule 35, alleging several additional errors irrelevant to the present proceedings. Mead was present at the Rule 35 hearing but was not represented by counsel. His petition for relief was denied and he did not appeal therefrom.[2]

On July 30, 1969, again acting as his own counsel, Mead petitioned for post-conviction relief under Rule 35 on the sole ground that punishment for both burglary and larceny constituted illegal and unconstitutional double punishment for the same crime.[3] On November 28, 1969, the superior court denied the motion without hearing. Mead has appealed from that de-

nial. On February 6, 1970, the superior court (considering a letter from Mead as equivalent to a motion) again denied a similar claim of double punishment. Mead has appealed this denial as well. The public defender has been appointed to represent Mead on appeal. Since both appeals contain identical issues, we have consolidated them.

1. *The Propriety of Relief Under Criminal Rule 35.*

■ The state argued below that Mead's petitions are precluded under our holding in Merrill v. State, 457 P.2d 231 (Alaska 1969), because they are successive motions for post-conviction relief raising an issue never previously contended.[4] In declining to consider Merrill's claim for post-conviction relief we stressed the fact that he had already had his day in court. We recognized society's interests in encouraging an end to litigation and an early commencement of the rehabilitative penal process. However, the modern view of most state courts, including Alaska's, is to liberalize traditional requirements for post-conviction relief and to permit successive collateral attacks if the court finds that the petitioner presents an adequate excuse for the failure to raise the claim previously.[5] One such adequate excuse will normally be

1. On appeal his conviction was affirmed by this court on grounds not presently relevant. Mead v. State, 445 P.2d 229, rehearing denied (Alaska 1968), cert. denied, 396 U.S. 855, 90 S.Ct. 117, 24 L.Ed. 2d 104 (1969).

2. Mead's subsequent petition for a writ of habeas corpus was denied by the United States District Court for the District of Alaska. Appeal was dismissed by the Ninth Circuit and the Supreme Court of the United States denied certiorari. Mead v. Grude, 396 U.S. 931, 90 S.Ct. 268, 24 L.Ed.2d 228 (1969).

3. Mead does not question the validity of his conviction for illegal possession of firearms.

4. Merrill v. State, 457 P.2d 231, 235–239 (Alaska 1969) is the only case in this state to date construing Alaska R.Crim. P. 35(i) which provides:

"All grounds for relief available to an applicant under this rule must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application."

5. Merrill v. State, 457 P.2d 231, 237 (text accompanying footnote 14) (Alaska 1969). *See also* Alaska R.Crim.P. 35(i), note 4, *supra*.

the lack of counsel. 457 P.2d at 238. Merrill had counsel at every step of the proceedings at both the trial and post-conviction stages. Because the issue raised in his second petition, the method of jury selection, was well known to the general public and members of the bar, Merrill was precluded from raising it for the first time in his second petition for post-conviction relief.

This case presents a quite different situation. Mead was not represented by counsel at his first Rule 35 hearing. Therefore, we must presume that he was unaware of the potential error and its legal significance. *Merrill v. State*, 457 P.2d at 238. Since the state has failed to show otherwise, and has even abandoned this threshhold issue on appeal, on this basis alone we could reach the merits of the question presented.

But we must decide the issue of double punishment for several other reasons as well. The substantive issue presented is a new and non-frivolous basis for relief. *Perry v. State*, 429 P.2d 249, 253–254 (Alaska 1967); *Merrill v. State*, 457 P.2d at 241–242 (Rabinowitz, J., dissenting in part); Note, Post Conviction Review of Constitutional Error: *Merrill v. State*, 457 P.2d 231 (Alaska 1969), UCLA–Alaska L. Rev. *contained in* 9 Alaska L.J. 51 (January 1971) [hereafter cited as Note]. Appellant raises a serious and substantial claim that his punishment violates the legislative intent of the burglary and larceny statutes and also is an unconstitutional double penalty. Alaska R.Crim.P. 35(b) (1).[6] Note, supra. This argument necessarily implies that the sentence exceeds the legal maximum. Alaska R.Crim.P. 35(b) (3).[7] Moreover, since the dates these petitions were filed, we have significantly redefined our interpretation of the multiple punishment aspects of the constitutional double jeopardy prohibitions. *Whitton v. State*, 479 P.2d 302 (Alaska 1970). However, we have yet to apply that new definition. Thus Criminal Rule 35(b) (7) also would permit our consideration of Mead's case.[8]

■ Because the cases and statutory interpretation relied upon by Mead present important questions of substantive criminal law never before decided in this state, we are persuaded to construe *Merrill v. State* liberally in order to consider the merits of the issue presented. Note, supra.

## II. Double Punishment.

Mead contends that he cannot be punished for both burglary not in a dwelling and larceny in a building. The two statutes provide:

"Sec. 11.20.100. *Burglary not in dwelling house*. A person who breaks and enters a building within the curtilage of a dwelling house but not forming a part of it, or who breaks and enters a building or part of it, or a booth, tent, railway car, vessel, boat, or other structure or erec-

---

6. Alaska R.Crim.P. 35(b) provides in relevant part:
   "*Post Conviction Procedure—Scope*. Any person who has been convicted of, or sentenced for, a crime and who claims:
   "(1) that the conviction or sentence was in violation of the constitution of the United States or the constitution or laws of Alaska;
   *  *  *  *  *
   "(3) that the sentence imposed exceeded the maximum authorized by law, or is otherwise not in accordance with the sentence authorized by law;
   *  *  *  *  *
   "(7) that there has been a significant change in law, whether substantive or procedural, applied in the process leading to applicant's conviction or sentence, when sufficient reasons exist to allow retroactive application of the changed legal standards; may institute a proceeding under this rule to secure relief."

   We note that former Alaska R.Crim. P. 35(b) was significantly changed by Supreme Court Order 98, effective September 16, 1968, between the dates of Mead's first and second petitions. Since we decide this issue under the rule in its present amended more restrictive form, we need not consider the issue under the former rule.

7. See note 6, supra.

8. See note 6, supra.

tion in which property is kept, with intent to steal or to commit a felony in it, is guilty of burglary, and upon conviction is punishable by imprisonment in the penitentiary for not less than two nor more than five years.

"Sec. 11.20.150. *Larceny in building or vessel.* A person who commits the crime of larceny in a dwelling house, banking house, office, store, shop, or warehouse, or in a ship, steamboat, or other vessel, or who breaks and enters in the night or daytime a church, courthouse, meeting house, town house, college, academy, or other building erected or used for public uses, and commits the crime of larceny in it, is punishable by imprisonment in the penitentiary for not less than one nor more than seven years."

■ Mead advances two arguments, one based on statutory interpretation and the other on constitutional prohibitions against double jeopardy. In support of the first he cites AS 12.20.040.[9] But that statute only prohibits successive prosecutions, not multiple convictions in the same prosecution. Moreover, neither burglary nor larceny is an inferior degree nor a lesser included offense of the other. Nor was Mead prosecuted for an attempt under AS 11.05.020.

Mead alternatively contends that the burglary statute punishes attempts only and

therefore may not be used to prosecute a successful theft. Rather he asserts that under the terms of the statutes, prosecution will lie only for larceny.[10] However, the text of the statutory provisions demonstrates otherwise. The elements of burglary not in a dwelling are 1) breaking and entering an appropriate structure and 2) an accompanying intent to steal or commit a felony therein. Smith v. State, 362 P.2d 1071, 1072, 93 A.L.R.2d 525, 528 (Alaska 1961).[11] The statute prohibiting larceny in a building is bifurcated. If the structure is a dwelling house, banking house, office, store, shop, warehouse, or vessel, the defendant need only commit the larceny therein to be punished; the method of entry is irrelevant. However, if the building is one of the enumerated public structures such as a church, courthouse, meeting house, town house, college, academy or similar building erected for or utilized by the public, the defendant must break and enter as well as commit the larceny therein.[12] The gravamen of the burglary statute is the breach and entry.[13] The gist of larceny in a building is the theft itself.

Not only does the statutory language permit this interpretation, there is an equally clear and logical reason to permit the plain language to stand. If conviction for burglary alone were permitted, the successful burglar would receive no greater pun-

9. AS 12.20.040 states:
   "When the defendant is convicted or acquitted of a crime consisting of different degrees, the conviction or acquittal is a bar to another prosecution for the crime charged in the former or for any inferior degree of that crime, or for an attempt to commit that crime, or for an offense necessarily included in the crime of which he might have been convicted under the information, indictment, or complaint."

10. Mead believes it irrelevant that Alaska has no statute prohibiting multiple punishment for a single act or omission. See e. g., Cal.Penal Code § 654; N.Y. Penal Law § 1938 (McKinney 1944). *But cf.* N.Y.Penal Law § 406 (McKinney 1944) expressly authorizing separate punishments for burglary and any crime committed after entry.

11. The breach need not be actual; any unlawful entry will suffice. AS 11.20.110; Smith v. State, 362 P.2d 1071, 1072, 93 A.L.R.2d 525 (Alaska 1961).

12. The actual legislative intent for this architectural distinction has been lost in history. The statute has come to us from Oregon virtually unchanged since 1864. 1 Hill's Annot. Laws of Oregon § 1764 (1887). It was incorporated as part of the 1900 Carter Code in the Territory of Alaska. Carter's Laws of Alaska, Part 1, The Penal Code § 42 (1900).

13. This fact clearly distinguishes Prince v. United States, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), heavily relied on by Mead. Prince was convicted of both entering a bank with intent to rob (18 U.S.C. § 2113(a)) and robbery (18 U.S.C. § 2113(b)). The Court held that

ishment than the unsuccessful one. If conviction for larceny alone were allowed, the private structure—public building distinction of AS 11.20.150 would be abrogated, and private areas where our citizens historically have maintained reasonable expectations of greater privacy would receive no more protection against theft than public halls. Such an interpretation would ignore the law's traditional view that breaking and entering is itself a serious offense.

▮▮▮ Conviction and consecutive punishment under both statutes was legal. The larceny took place at the Fairbanks Medical Clinic, a doctors' office building. The nature of the building as well as the items stolen—a gun; some money; and some drugs, including a narcotic, morphine— leads us to the conclusion that the larceny

took place within an "office" as listed in the first phrase of AS 11.20.150. Arizona State Tax Commission v. First Bank Building Corp., 5 Ariz.App. 594, 429 P.2d 481, 490 (1967). Therefore, breaking and entering need not have been proven for conviction of larceny in a building. By the same token, proof of the illegal breach and entry with the requisite felonious intent would support conviction and consequent punishment for burglary not in a dwelling, independent of any subsequently completed larceny.

Our interpretation is clearly in accord with the majority view which holds that because larceny does not require breaking and entering and burglary does not require a larceny, there is no merger of the offenses.[14] It cannot be said that one crime

---

§ 2113(a) was drafted to punish unsuccessful attempts. In completed robberies the two crimes merged. Thus consecutive punishment was improper. Discussing § 2113(a), the Court held:

"The *gravamen of the offense is not* in the act of entering, which satisfies the terms of the statute even if it is simply walking through an open, public door during normal business hours. Rather the heart of the crime is the intent to steal. This mental element merges into the completed crime if the robbery is consummated." 352 U.S. at 328, 77 S.Ct. at 407, 1 L.Ed.2d at 374 [footnote omitted].

Footnote 9 in the above quotation distinguishes Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915), a case much more akin to the case at bar, in which appellant was convicted of both breaking into a post office and larceny therein. Because the gravamen of the burglary was the forcible entry and not the larceny, the court held that the two separate criminal acts were legally and constitutionally distinct and could be punished consecutively. 237 U.S. at 638–639, 35 S.Ct. 712, 59 L.Ed. at 1155.

It is also noteworthy that two cases relied on by Mead, Munson v. McClaughry, 198 F. 72 (8th Cir. 1912) and Halligan v. Wayne, 179 F. 112 (9th Cir.), cert. denied, 218 U.S. 680, 31 S.Ct. 227, 54 L.Ed. 1207 (1910), were disapproved in Morgan v. Devine, supra.

14. People v. McFarland, 58 Cal.2d 748, 26 Cal.Rptr. 473, 498–501, 376 P.2d 449,

474–476 (1962) (Schauer, J., dissenting in part).

Among the cases following the majority view are Morgan v. Devine, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153 (1915); Dunaway v. United States, 170 F.2d 11 (10th Cir. 1948); State v. Hutton, 87 Ariz. 176, 349 P.2d 187 (1960); Tungate v. State, 238 Ind. 48, 147 N.E.2d 232 (1958); State v. Turney, 77 Iowa 269, 42 N.W. 190 (1889); Easley v. Commonwealth, 320 S.W.2d 778 (Ky. 1958); State v. O'Banion, 171 La. 323, 131 So. 34 (1930); Williams v. State, 205 Md. 470, 109 A.2d 89 (1954); State v. Byra, 128 N.J.L. 429, 26 A.2d 702 (Supreme Ct. 1942), aff'd, 129 N.J.L. 384, 30 A.2d 49 (Ct. of Errors and Appeals 1943), cert. denied, 324 U.S. 884, 65 S.Ct. 1025, 89 L.Ed. 1434 (1945); State v. McAfee, 78 N.M. 108, 428 P.2d 647 (1967); People v. Baker, 27 A.D.2d 269, 278 N.Y.S.2d 309, aff'd, 19 N.Y.2d 982, 281 N.Y.S.2d 527, 228 N.E.2d 695 (1967); Miles v. Maxwell, 1 Ohio St.2d 85, 204 N.E.2d 232 (1965); State v. Briggen, 112 Or. 681, 231 P. 125 (1924); Commonwealth ex rel. Moszczynski v. Ashe, 343 Pa. 102, 21 A.2d 920 (1941); Copeland v. Manning, 234 S.C. 510, 109 S.E. 2d 361 (1959); Johnson v. State, 126 Tex.Cr.R. 466, 72 S.W.2d 288 (1934); State v. Jones, 13 Utah 2d 35, 368 P.2d 262 (1962); Robinson v. Commonwealth, 190 Va. 134, 56 S.E.2d 367 (1949) (dictum).

*Contra* are Wildman v. State, 42 Ala. App. 357, 165 So.2d 396 (1963), cert. denied, 276 Ala. 708, 165 So.2d 403

"necessarily involves the other." Price v. State, 3 Md.App. 155, 238 A.2d 275, 277 (1968); Commonwealth ex rel. Moszczynski v. Ashe, 343 Pa. 102, 21 A.2d 920 (1941). We also note that our interpretation is that of the Oregon Supreme Court. State v. Briggen, 112 Or. 681, 231 P. 125 (1924). While not controlling, that opinion is persuasive.

■ Mead next argues that conviction for both offenses violates the double jeopardy provisions of the United States and Alaska Constitutions.[15] The briefs in this case were submitted before our decision in Whitton v. State, 479 P.2d 302 (Alaska 1970).[16] Under pre-*Whitton* federal constitutional authority, no double jeopardy violation occurred. Morgan v. Devine, 237 U.S. 632, 641, 35 S.Ct. 712, 59 L.Ed. 1153, 1156–1157 (1915); Coleman v. Koloski, 415 F.2d 745, 746 (6th Cir. 1969), cert. denied, 397 U.S. 948, 90 S.Ct. 968, 25 L.Ed.2d 129 (1970). Similarly conviction for both offenses was constitutional under pre-*Whitton* Alaska law. Fields v. State, 465 P.2d 527, 529 (Alaska 1970); Martin v. City of Fairbanks, 456 P.2d 462,

465–466 (Alaska 1969); Selman v. State, 406 P.2d 181, 187 (Alaska 1965); Chambers v. State, 394 P.2d 778, 780 (Alaska 1964).[17] Appellant cites State v. Pete, 420 P.2d 338, 342 (Alaska 1966), as requiring a "single transaction" test in cases of this type. *See also* Maynes v. People, 169 Colo. 186, 454 P.2d 797, 800 (1969). But the court in *Pete* dealt with what it considered to be two counts charging essentially the same crime and the same transaction. No double jeopardy question was raised or decided. In Mead's case we are presented with two different statutory crimes arising out of a course of conduct which, while consisting of an integrated series of acts leading to an ultimate goal, violates different social interests.

There is no constitutional deprivation under Whitton v. State, supra, 479 P.2d at 312–313. For the reasons discussed previously, the conduct punished as well as the societal interests protected by the two statutes differ sufficiently to permit consecutive punishment under both statutes.[18]

Affirmed.

(1964); People v. McFarland, 58 Cal.2d 748, 26 Cal.Rptr. 473, 376 P.2d 449 (1962); Maynes v. People, 169 Colo. 186, 454 P.2d 797 (1969). We need not assess the effect specific prohibitory statutes in any of the above jurisdictions may have had in abrogating the common law rule followed by the majority.

15. The U.S.Const. amend. V provides in part " * * * nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb * * *."

The Alaska Const. art. I, § 9 provides in part "No person shall be put in jeopardy twice for the same offense."

16. This case was argued on the briefs alone.

17. Although *Martin, Selman,* and *Chambers* were subsequently overruled on this point in Whitton v. State, 479 P.2d 302, 312 (Alaska 1970), at the time of this trial they were still good law. *Fields* is, of course, still the law of this state.

18. Under the approach we take, it is unnecessary to decide the retroactive effect of Whitton v. State, 479 P.2d 302 (Alaska 1970).