**Charles E. REYNOLDS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–611.**

Court of Appeals of Alaska.

Oct. 11, 1985.

Rehearing Denied Nov. 5, 1985.

---

Mary E. Greene, William A. Davies, Asst. Public Defenders, Fairbanks, and Dana Fabe, Public Defender, Anchorage, for appellant.

David Mannheimer, Asst. Atty. Gen., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Charles E. Reynolds appeals after being convicted by a jury of burglary in the first degree. Reynolds contends that the trial court erred in denying his motion for a mistrial. He also asserts that the court erred in denying his proposed lesser-included offense instruction on theft. We reverse.

At trial, during the prosecution's direct examination of one of the arresting officers, the following exchange occurred:

Q: Did you show that—did you come back and show that key to Mr. Reynolds?

A: Yes, I did.

Q: After you showed it to him, did he say anything regarding the key?

A: No, he didn't.

Q: All right. That's all the questions I have.

The defense counsel immediately asked to examine the witness out of the jury's presence. The examination established that Reynolds failed to say anything because he expressly invoked his right to remain silent. The defense moved for a mistrial, but this motion was summarily denied.

■ On appeal, the state confesses that admission of the challenged testimony was error under *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). *See also Gunnerud v. State*, 611 P.2d 69, 75 (Alaska 1980). The state's confession of error is supported by the record and has legal foundation. We therefore accept it. *See Marks v. State*, 496 P.2d 66, 67–68 (Alaska 1972).

■ The state nevertheless argues that the error was harmless. Having carefully reviewed the record, we disagree. To prove that Reynolds had committed the crime of burglary, as opposed to the offense of theft by receiving, the state relied largely on circumstantial evidence, which showed that Reynolds was near the scene of the burglary shortly after its commission, that he was in possession of property stolen in the burglary, and that he had a means of access to the hotel room where the burglary occurred. The state's evidence of burglary, though strong, was not overwhelming: Reynolds was not directly linked to the unlawful entry of the hotel room, and, because he had been accompanied by another individual when arrested, there is at least a reasonable possibility that the jury might question whether the state had met its burden of proving that Reynolds had actually entered or aided in the entry of the room where the burglary occurred.

Under these circumstances, we believe the testimony concerning Reynolds' silence when confronted with the key to the hotel room was potentially highly prejudicial. The jury had already been told that, immediately before being confronted with the key, Reynolds had denied being present in the hotel where the burglary occurred. In context, Reynolds' silence could easily have been interpreted by the jury as evidence that Reynolds acknowledged entering the burgled premises and that he was conscious of his guilt on the burglary charge. We conclude that the evidence of Reynolds' silence was not harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

*See also Doisher v. State*, 658 P.2d 119, 121–22 (Alaska 1983). Reynolds' conviction must be reversed.

We proceed to consider Reynolds' second claim, because it is likely to recur on retrial. In charging Reynolds with burglary, the indictment in this case expressly alleged that he committed an unlawful entry with intent to commit the underlying offense of theft. At trial, the state's evidence connecting Reynolds to the alleged burglary consisted almost entirely of proof establishing his guilt of theft: that he was in possession of property recently stolen in the burglary. On appeal, Reynolds relies on these circumstances in arguing that the jury could not logically have convicted him of burglary and acquitted him of theft. He maintains that, under the cognate approach to lesser-included offenses, he was therefore entitled to his proposed instruction on theft in the third degree.

■ In *Marker v. State*, 692 P.2d 977 (Alaska App.1984), we discussed the prerequisites that must be met before one offense will be deemed to be necessarily included in another under the cognate approach. We specifically mentioned as one of the prerequisites the need for an inherent relationship between the greater and lesser offenses:

> Cases decided in other jurisdictions strongly suggest that the cognate approach should be applied realistically, not restrictively, and that, even if the jury could theoretically convict of the charged offense without also convicting of the lesser, a lesser-included offense instruction may be appropriate when: (1) the evidence relied on by the state would support conviction of a lesser offense, (2) the lesser offense is inherently related to the offense charged, so that proof of the greater would ordinarily—but not invariably—entail proof of the lesser, and (3) the accused's theory of defense is not inconsistent with conviction of the lesser and acquittal of the greater.

*Marker v. State*, 692 P.2d at 983 (citations omitted).

Assuming arguendo that third-degree theft would otherwise have qualified as a lesser-included offense of burglary in this case, we think it manifest that theft is not "inherently related" to burglary. For this reason it does not qualify as a lesser-included offense of burglary under the cognate approach.

 Without attempting to chart the parameters of the inherent relationship requirement in all situations, we think it self-evident that the boundaries of the requirement must be circumscribed by the constitutional rule of merger and can extend no farther.[1] For if two offenses are so fundamentally disparate—so different in their basic social purposes—that merger between them is not compelled and separate sentences would be permissible upon conviction of both, then no greater/lesser-included offense relationship can arise, no matter how clearly intertwined these offenses may be in the factual and evidentiary setting of a given case. Without merger, the prosecution is free to charge, convict on and punish two offenses separately; the accused is in no position to insist that one offense be treated as a lesser-included offense and considered only as an alternative to the other.

In the present case, Reynolds' argument is that theft should have been considered the lesser-included offense of burglary. Yet under Alaska law—and in keeping with the majority rule—it has long been settled that the offense of burglary does not merge with the offense of theft. *See Mead v. State*, 489 P.2d 738, 740–43 (Alaska 1971).[2] These offenses are separate crimes. They address different social interests. Accordingly, an individual con-victed of burglary and theft may be separately sentenced for each crime, even when the offenses arose from a single incident. *Mead v. State*, 489 P.2d at 743. Here, the state could have elected to charge Reynolds with both burglary and theft and, upon conviction, would have been entitled to a separate sentence on both charges.[3] Reynolds cannot complain that it was improper to deny an instruction on theft that would have permitted the jury to consider the offense only as a lesser alternative to burglary.[4]

Reynolds' conviction is REVERSED, and this case is REMANDED for a retrial in conformity with the views expressed herein.

---

**1.** *See Whitton v. State*, 479 P.2d 302, 306–314 (Alaska 1970).

**2.** *See also Catlett v. State*, 585 P.2d 553, 558 (Alaska 1978) (citing *Mead* with approval in holding that offenses of grand larceny and theft from an airplane do not merge and are subject to separate punishment).

**3.** *Cf. State v. Occhipinti*, 562 P.2d 348 (Alaska 1977) (holding that when the state prosecutes and obtains a conviction on separate charges, as to which the rule of merger does not apply, the state is entitled as a matter of law to a conviction and a separate sentence on each charge).

**4.** Here, as in *Mead*, "we are presented with two different statutory crimes arising out of a course of conduct which, while consisting of an integrated series of acts leading to an ultimate goal, violates different social interests." *Mead v. State*, 489 P.2d at 743.