Frank GUERTIN, Appellant,

v.

STATE of Alaska, Appellee.

No. A-4396.

Court of Appeals of Alaska.

June 25, 1993.

Marcia E. Holland, Asst. Public Defender, Fairbanks and John B. Salemi, Public Defender, Anchorage, for appellant.

Richard W. Maki, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and MANNHEIMER, JJ.

## OPINION

MANNHEIMER, Judge.

Frank Guertin appeals his conviction for attempted second-degree sexual assault, AS 11.41.420(a)(1). Guertin contends that there is no such crime as attempted second-degree sexual assault. We find that there is, and so we affirm.

The crime of second-degree sexual assault, as defined in AS 11.41.420(a)(1), is committed when a defendant

engages in sexual contact with another person without consent of that person[.]

This crime requires proof that the defendant knowingly engaged in sexual contact with another person (that is, knowingly touched the other person's genitals, anus, or female breast—see AS 11.81.900–(b)(53)), and proof that the defendant acted with reckless disregard of the other person's lack of consent to the sexual contact. AS 11.81.610(b); *compare Reynolds v. State*, 664 P.2d 621, 625 (Alaska App. 1983).[1]

---

1. Guertin argues that every crime in Title 11 must have three elements: a "conduct" element, a "circumstance" element, and a "result" element. He cites *Neitzel v. State*, 655 P.2d 325,

Guertin was convicted, not of the completed crime of second-degree sexual assault, but of an attempt to commit this crime. Under AS 11.31.100(a), a person is guilty of an attempt to commit a crime if,

with intent to commit a crime, the person engages in conduct which constitutes a substantial step toward the commission of that crime.

Therefore, using the definition of second-degree sexual assault found in AS 11.41.-420(a)(1) and the definition of attempt found in AS 11.31.100(a), Guertin would be guilty of an attempt to commit second-degree sexual assault if, intending to engage in sexual contact with another person without regard to that person's lack of consent, Guertin took a substantial step toward accomplishing this goal.

Guertin contends that this court's decision in *Huitt v. State*, 678 P.2d 415 (Alaska App.1984), precludes this definition of attempted second-degree sexual assault. In *Huitt*, this court held that there was no such crime as "attempted second-degree murder". This result is premised on the following reasoning:

(1) Under AS 11.31.100(a), an attempt to commit a crime requires proof that the defendant acted with the intent of committing that crime.

(2) A defendant commits second-degree murder only when the defendant's conduct causes someone's death.

(3) Thus, under AS 11.31.100(a), an attempt to commit second-degree murder requires proof, not just that the defendant tried to commit acts that he knew were life-threatening, but that the defendant fully intended to cause someone's death.

A defendant who engages in life-endangering conduct but without an intent to kill can be guilty of only a lesser crime (for example, some degree of assault, some degree of criminal mischief, or first-degree arson). *Huitt*, 678 P.2d at 419–420 & nn. 3–4. Conversely, a defendant who unsuccessfully tries to cause someone's death is guilty of attempted first-degree murder, the higher degree of crime. Thus, the crime of "attempted second-degree murder" is superfluous: anyone who engages in life-threatening conduct with the requisite culpable mental state for attempted murder (intent to kill) is necessarily guilty, not only of "attempted second-degree murder", but also of attempted first-degree murder. *See* W. LaFave & A. Scott, *Substantive Criminal Law* (1986), § 6.2–(c)(1), Vol. 2, p. 25.

Guertin reads *Huitt* for a quite different proposition. He asserts that the holding in *Huitt* (that there is no crime of "attempted second-degree murder") is premised on the fact that second-degree murder is not what the common law would call a "specific intent" crime. Second-degree murder of course requires proof of a result: human death. However, the defendant need not act with the intent of causing this result; instead, the culpable mental state that applies to that element is an extreme form of recklessness ("extreme indifference to the value of human life"). *Neitzel v. State*, 655 P.2d 325, 333–34 (Alaska App.1982).[2] From this, Guertin concludes that *Huitt* must stand for the rule that Alaska law does not recognize an attempt to commit any crime unless that crime (1) has a "result" element (2) to which the culpable mental state of "intentionally" applies.

333 (Alaska App.1982), for this proposition. However, *Neitzel* does not require that each crime contain elements of all three types. Rather, *Neitzel* says merely that each element of any crime can be classified as belonging to one of the three types: either "conduct", "circumstance", or "result". *Id.* at 328–29, 333. See the legislative commentary to AS 11.81.900(a) found in 1978 Senate Journal, Supp. 47 (June 12), p. 140.

The crime at issue in *Neitzel*, second-degree murder under AS 11.41.110(a)(2), has one element of each type. 655 P.2d at 333. However,

the criminal code does not require every crime to have elements of all three types, nor does it forbid the legislature from defining a crime with more than one element of a particular type.

Second-degree sexual assault has two elements: the conduct of engaging in sexual contact, and the circumstance that the recipient of the sexual contact does not consent to it.

**2.** Indeed, if the defendant had acted with the intent of causing the victim's death, the defendant's crime would be first-degree murder.

Guertin misunderstands *Huitt* and the law of attempt. Alaska's attempt statute, AS 11.31.100(a), declares that a person commits a punishable attempt when, "with intent to commit a crime, the person engages in conduct [that] constitutes a substantial step toward the commission of that crime". To be guilty of attempt under this statute, the defendant must intend to commit the target crime; however, AS 11.31.100(a) does not purport to limit target crimes to offenses that require an intended result. As we discussed earlier (in footnote 1), Alaska law does not require every crime to have a "result" element, much less a result that is intended. (In fact, under AS 11.81.610(b), the culpable mental state that normally applies to a result is "recklessly".) [3]

We have already explained that there is no crime of "attempted second-degree murder" because, to be guilty of attempt under AS 11.31.100(a), a defendant must act with the subjective intent to accomplish the target crime. Accomplishing the target crime of second-degree murder necessarily means causing someone's death. But if a defendant acts with intent to accomplish this result, he has acted with intent to kill, and thus his offense is attempted first-degree murder. If, on the other hand, the defendant does not act with intent to cause human death, then he has not tried to accomplish the target crime of second-degree murder.

In contrast, the target crime of second-degree sexual assault requires proof of sexual contact and the defendant's reckless disregard of the other person's non-consent to this contact. There is no logical or legal flaw in asserting or finding that a defendant has attempted to commit this crime—has attempted to engage in sexual contact with another person without regard to that person's lack of consent. Nothing in *Huitt* precludes this conclusion. The fact that second-degree sexual assault is not what the common law would call a "specific intent" crime is irrelevant to this legal conclusion.[4] We hold that the crime of attempted second-degree sexual assault exists under Alaska law.

Guertin also argues that, if the crime of attempted second-degree sexual assault exists, the trial judge nevertheless misinstructed the jury on the elements of this crime. To establish the crime of attempted second-degree sexual assault, one of the elements the State must prove is that the defendant intended to engage in sexual contact with the victim (that is, the defendant intended to touch the victim's genitals, anus, or female breast). *Compare Baden v. State*, 667 P.2d 1275, 1278 (Alaska App.1983). Guertin asserts that the jury instructions in his case allowed the jury to convict him if they believed that his conduct had created a substantial risk that sexual contact would occur between him and the victim, even if they believed that Guertin had not intended this.

We do not agree. The trial court's instruction on attempted second-degree sexual assault correctly informed the jury that

**3.** Conversely, some crimes require proof that a defendant intended to achieve a particular result but do not require proof that this result was actually accomplished. Theft and burglary are two such crimes: they require proof, respectively, that the defendant intended to permanently deprive someone of property or intended to commit a crime inside a building. Yet the crime of theft is complete even though the owner is only temporarily deprived of the property, *Coleman v. State*, 846 P.2d 141, 143 (Alaska App.1993), and the crime of burglary is complete even though the burglar never commits the intended crime inside the building. *Mead v. State*, 489 P.2d 738, 740–43 (Alaska 1971).

**4.** The common law recognized attempts to commit "general intent" crimes—crimes that do not require proof that the defendant intended to accomplish a particular result. For example, at common law and under Alaska's former criminal code, rape was a general intent crime: it required proof only of an act of genital penetration and the victim's lack of consent. *Reynolds v. State*, 664 P.2d 621, 623 (Alaska App. 1983), citing *Walker v. State*, 652 P.2d 88, 91 (Alaska 1982). Nevertheless, "attempted rape" was a recognized crime. *See*, for example, *Smiloff v. State*, 439 P.2d 772 (Alaska 1968).

Similarly, under Alaska's present criminal code, a person can be charged with attempting to commit a crime (like second-degree sexual assault) that requires proof of conduct (sexual contact) and a surrounding circumstance (the victim's lack of consent) but does not require proof of a result.

the State had to prove that Guertin "intended to engage in sexual contact with [the victim]". This concept was reiterated in the court's instruction on the effect of voluntary intoxication. That instruction told the jury (in pertinent part):

> Similarly, in the lesser included offense of Attempted Sexual Assault in the Second Degree, a necessary element is the existence in the mind of the defendant of the intent to engage in sexual contact with [the victim] without her consent.

> If the evidence shows that Mr. Guertin was intoxicated at the time of the alleged offense, the jury should consider his state of intoxication in determining if Mr. Guertin had the intent to engage in sexual contact with [the victim] without her consent.

Finally, the court instructed the jury that a person does not act "intentionally" unless "the person's conscious objective is to cause that result". These instructions correctly and adequately informed the jury that, to find Guertin guilty of attempted second-degree sexual assault, they had to find that he intended to engage in sexual contact with the victim, and that they should consider Guertin's state of intoxication.

Guertin complains that the jury instructions were confusing because they asked the jury to apply two different culpable mental states to "sexual contact". Guertin points out that, when describing the completed crime of second-degree sexual assault, the instructions refer to "sexual contact" as the proscribed conduct (to which the culpable mental state of "knowingly" applies), but when describing *attempted* second-degree sexual assault, the instruc-tions refer to "sexual contact" as the result (to which the culpable mental state of "intentionally" applies).

This is not a confusion; it is correct. The completed crime of second-degree sexual assault requires proof of conduct (sexual contact) and a circumstance (the victim's lack of consent). Because sexual contact is the "conduct" element of the completed crime, the culpable mental state that applies to sexual contact is "knowingly". On the other hand, attempted second-degree sexual assault is an inchoate crime: by definition, the prohibited non-consensual sexual contact has not occurred, and the issue is whether the defendant's conduct constituted a substantial step toward accomplishing the goal of sexual contact. AS 11.31.100(a). In the context of an attempt, sexual contact is a "result"—the conscious goal of a defendant's actions—and the applicable culpable mental state is "intentionally".

To conclude: (1) attempted second-degree sexual assault is a crime under Alaska law, and (2) the trial court's instructions, read as a whole and in a common-sense manner, accurately conveyed the legal concepts the jury needed to decide Guertin's guilt or innocence of this crime. Alaska Criminal Rule 30(b).

The judgement of the superior court is AFFIRMED.