Harold KANKANTON, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2466.

Court of Appeals of Alaska.

Dec. 2, 1988.

Venable Vermont, Jr., Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

Elizabeth H. Sheley, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Harold Kankanton was convicted, following a jury trial, of sexual assault in the first degree, AS 11.41.410(a)(1), an unclassified felony. Sexual assault in the first degree is punishable by a maximum sentence of thirty years. There is a presumptive term of eight years for a first felony offender, fifteen years for a second felony offender, and twenty-five years for a third felony offender. AS 12.55.155(c). Kankanton had previously been convicted of a felony offense and was therefore subject to a fifteen-year presumptive sentence as a second felony offender. Superior Court Judge Mark C. Rowland found that two aggravating factors applied to this sentencing. He

first found that Kankanton was "on parole for another felony ... conviction." AS 12.-55.155(c)(20). Kankanton does not contest the existence of this aggravating factor; Kankanton was on parole for the Washington burglary conviction at the time of the present offense. Judge Rowland also found that Kankanton's "prior criminal history includes conduct involving aggravated or repeated instances of assaultive behavior." AS 12.55.155(c)(8). Kankanton contests whether Judge Rowland properly found the existence of this aggravating factor. This contention is the sole subject of this appeal. In sentencing Kankanton, Judge Rowland emphasized the need to isolate Kankanton from society based upon Kankanton's demonstrated history of criminal activity. He imposed an aggravated presumptive sentence of twenty years with three years suspended. Kankanton appeals his sentence. We affirm.

■■■ Kankanton argues on appeal that Judge Rowland could not consider the circumstances of his 1979 Washington burglary conviction as an aggravating factor because Judge Rowland had already used that prior conviction to classify Kankanton as a second felony offender for presumptive sentencing purposes. He bases his argument on AS 12.55.155(e), which provides:

> If a factor in aggravation is a necessary element of the present offense, or requires the imposition of a presumptive term under AS 12.55.125(c)(2), (d)(3) or (e)(3), that factor may not be used to aggravate the presumptive term....

Kankanton's Washington burglary conviction was based on an incident where Kankanton broke into an apartment, assaulted a man, and then broke into another apartment where he attempted to rape a woman. Kankanton was convicted of burglary in the first degree in Washington, a form of aggravated burglary, based in part

upon the fact that he committed an assault during the commission of the burglary.[1]

"Ambiguities in criminal statutes must be narrowly read and construed against the government." *State v. Andrews,* 707 P.2d 900, 907 (Alaska App.1985), *opinion adopted in* 723 P.2d 85 (Alaska 1986); 3 C. Sands, *Sutherland Statutory Construction,* § 59.03 at 11–14 (4th ed. 1986 revision). However, "[s]trict construction does not require that statutes be given the narrowest meaning allowed by the language; rather the language should be given 'a reasonable or common sense construction, consonant with the objectives of the legislature.'" *Belarde v. Anchorage,* 634 P.2d 567, 568 (Alaska App.1981) (quoting 3 C Sands, *Sutherland Statutory Construction,* § 59.06 at 18–19 (4th ed. 1974)).

Applying this analysis, AS 12.55.155(e) does not appear to apply to limit the use of the fact that Kankanton committed an assault during his prior burglary conviction. The statute prohibits using as an aggravating factor conduct which is an element of the present offense. The fact that Kankanton committed an assault during a prior offense is clearly not an element of sexual assault in the first degree. AS 12.55.155(e) also prohibits using conduct as an aggravating factor which requires imposition of a presumptive term under AS 12.55.-125(c)(2), (d)(3), or (e)(3). Those statutes provide for presumptive sentences for first felony offenders who direct the conduct constituting the offense at a police officer or other officials who are responding to emergencies. AS 12.55.125(c)(2) also applies to first felony offenders convicted of class A felonies other than manslaughter who possess a firearm, use a dangerous instrument, or cause serious physical injuries during the commission of the offense. Therefore, AS 12.55.125(c)(2), (d)(3) and (e)(3) do not apply to Kankanton. He is not a first felony offender, he was convicted of an unclassified felony, and the conduct in

---

1. Kankanton was convicted under Wash.Rev. Code § 9A.52.020(1), which provides:
   A person is guilty of burglary in the first degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a dwelling and if, in

entering or while in the dwelling or in immediate flight therefrom, the actor or another participant in the crime ... (b) assaults any person therein.
Wash.Rev.Code Ann. § 9A.52.020 (West 1988) (effective 1975).

question relates to his former felony conviction, not his present one.

The clear language of AS 12.55.155(e) simply does not prevent the court from considering Kankanton's conduct during his former felony conviction, even if that former felony conviction resulted in Kankanton being sentenced as a second felony offender under AS 12.55.125(i)(3). This seems to be consistent with a reasonable legislative policy. In determining an appropriate sentence for a crime, it is reasonable to consider the number of the defendant's prior felony convictions. If, in addition, the defendant has a "prior criminal history [which] includes aggravated or repeated instances of assaultive behavior," AS 12.55.155(c)(8), this is an appropriate aggravating factor. Under Kankanton's analysis, if the defendant had been convicted of a prior felony involving assaultive conduct, this prior assaultive conduct could not be considered if the prior felony had already been used for presumptive sentencing purposes. Kankanton's analysis is incorrect.

It appears that Kankanton agrees that a prior misdemeanor conviction or other sufficiently verified assaultive behavior could be considered in establishing the aggravating factors. It seems more sensible to consider the defendant's entire criminal history of assaultive conduct in deciding whether the aggravating factor applies. Nothing in the statute appears to prevent considering the defendant's entire prior criminal history. We therefore conclude that Judge Rowland did not err in considering the assaultive conduct which occurred during Kankanton's prior felony in determining that the state established the aggravating factor set forth in AS 12.55.-155(c)(8).

Kankanton's sentence is AFFIRMED.