**Joseph J. AMAROK, Jr., Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3079.**

Court of Appeals of Alaska.

April 6, 1990.

ley's brief.

Barbara Brink, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Brent Cole, Asst. Dist. Atty., Dwayne W. McConnell, Dist. Atty., Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Joseph J. Amarok, Jr., was convicted after pleading no contest to one count of sexual assault in the first degree and one count of burglary in the first degree. As a third felony offender, Amarok was subject to presumptive terms of twenty-five years for the sexual assault and six years for the burglary. Superior Court Judge Joan M. Katz found three aggravating factors: that Amarok was on parole at the time of the offense, that his victim was particularly vulnerable, and that his conduct was among the most serious in its class. After rejecting Amarok's request to refer the case to the three-judge panel, Judge Katz imposed an adjusted presumptive term of thirty years with three years suspended for sexual assault and a consecutive presumptive term of six years for burglary. Amarok appeals, contending that his sentence is excessive. We affirm.

On December 28, 1988, Amarok became intoxicated, cut the telephone line to a residence in his neighborhood, shattered the living room window with a shovel, and climbed into the house through the broken window. He then brutally assaulted the resident of the house, a fifty-eight year old partially disabled woman. Amarok subjected his victim to repeated acts of attempted genital and anal intercourse, cunnilingus, and digital penetration. When Amarok had completed sexually assaulting his victim, he told her that he was going to kill her. While Amarok rummaged through the kitchen drawers looking for a knife, his victim attempted to flee. Amarok caught

her and forced her back into the bedroom. He returned to the kitchen but apparently became distracted when he found some beer in the refrigerator. After drinking several cans of beer, Amarok passed out at the kitchen table. His victim managed to escape and summon help.

Amarok was thirty-one years old when he committed the offenses in this case. His criminal history consisted of several misdemeanor convictions and three prior felony convictions. Amarok was convicted of armed robbery in 1977 after he assaulted a female taxicab driver with a knife and stole money from her. For this offense, he was sentenced to serve three years with two years suspended. The suspended portion of the sentence was imposed in 1979 after Amarok violated the conditions of his probation by failing to comply with requirements for alcoholism treatment.

Amarok was convicted of two additional felonies in 1981. The convictions, which arose from a single incident, were for burglary in the first degree and robbery in the first degree. Although Amarok was not convicted of sexual assault as a result of the incident, his conduct was actually strikingly similar to the conduct that resulted in his current convictions. Amarok battered his way through the locked door of a neighboring apartment and attacked an elderly woman who resided there, breaking her jaw and attempting to sexually molest her. He fled when the woman attempted to summon help. Before leaving the apartment, Amarok took the contents of the woman's purse.

As a result of the 1981 convictions, Amarok received sentences totalling ten years' imprisonment. He was released on mandatory parole in August of 1988. Before his release, Amarok was enrolled for approximately nine months in the sexual offender treatment program at the Highland Mountain Correctional Facility but performed poorly. A pre-discharge evaluation, prepared by the supervising psychiatrist, depicted Amarok as a potentially dangerous offender:

> Joe Amarok is a dangerously violent man with two known sex offenses. He is not to be considered "treated" in that no change is noted in his behavior patterns. He is an alcoholic who verbalized his "wellness" but a long-term commitment to stay sober is doubtful. He stopped using drugs in the institution approximately two years ago, which could be due to his losing so much good time and just wanting out of jail. He will most likely use again when he gets into a stressful environment and no one is "looking over his shoulder." Joe remains an angry man who has not learned how to deal with his feelings constructively.... Joe Amarok is a HIGH RISK for re-offending.

Amarok lived up to his potential less than five months after being released from prison. At the time, a warrant had already been issued for his arrest as a result of a petition to revoke parole, alleging that he had violated the conditions of his release by changing his residence without permission, failing to enroll in sexual offender treatment, failing to pursue alcohol rehabilitation, and failing to submit samples for alcohol testing.

At his sentencing hearing in this case, Amarok did not dispute the applicability of the three aggravating factors alleged by the state.[1] Judge Katz accepted the aggravating factors. Given the violence involved in the sexual assault, its protracted and apparently premeditated nature, and the threats of death to the victim, Judge Katz found Amarok's conduct to be among the most serious in its class. The judge also found the seriousness of the offense enhanced because Amarok either knew or should have known that his victim was

---

1. Amarok nevertheless asked Judge Katz to refer his case to the three-judge sentencing panel, contending that his prospects for rehabilitation were sufficient to warrant imposition of a sentence that did not restrict his eligibility for discretionary parole. Judge Katz rejected Amarok's request for referral to the three-judge panel, concluding that the reasons advanced by Amarok in support of the request for referral could apply to virtually all offenders. On appeal, Amarok does not expressly challenge Judge Katz' refusal to refer his case to the three-judge panel.

particularly vulnerable due to partial blindness and other disabilities resulting from brain surgery. In addition, Judge Katz found it significant that Amarok was on parole, particularly because he had only recently been released from confinement. Relying on these aggravating factors, Judge Katz concluded that Amarok deserved a sentence for his sexual assault charge that was somewhat greater than the applicable presumptive term of twenty-five years.

Judge Katz further concluded that a consecutive sentence should be imposed on the burglary charge because Amarok's commission of the sexual assault in his victim's home rendered his conduct particularly aggravated. Accordingly, Judge Katz elected to impose a consecutive presumptive term of six years for the burglary.

Before imposing sentence, Judge Katz expressly found Amarok to be a worst offender and a danger to the community. Judge Katz found little prospect for rehabilitation and concluded that the primary goal of sentencing should be to protect the community by isolating Amarok.

■ On appeal, Amarok first contends that the superior court erred in imposing his sentences consecutively. He argues that, because he was convicted of burglary for breaking and entering into a dwelling with intent to commit sexual assault, the burglary is essentially part of the same criminal episode as the ensuing sexual assault. Amarok argues that the burglary therefore does not warrant separate punishment.

We have previously held, however, that, when an offender commits burglary by breaking and entering a dwelling with the intent to commit a crime and then proceeds to commit the intended crime, the offense of burglary does not merge with the subsequently committed offense; rather, the crimes are subject to separate convictions and punishment. *See Reynolds v. State*, 706 P.2d 708, 711 (Alaska App.1985).

Quite apart from the serious threat to personal safety and personal privacy that stemmed from Amarok's sexual assault, Amarok's burglary violated his victim's significant and distinctly different right to privacy in her own home, thereby resulting in incrementally greater harm. The overall seriousness of Amarok's conduct was measurably enhanced by his commission of the sexual assault within his victim's home. This consideration, appropriately recognized by the sentencing court, amounted to good cause for imposition of consecutive sentences. *See Jones v. State*, 744 P.2d 410, 411 (Alaska App.1987).

■ In imposing an aggregate term exceeding the maximum term for the first-degree sexual assault, Judge Katz made the requisite express findings that Amarok was a worst offender and that his isolation was necessary for the protection of the community. *See Mutschler v. State*, 560 P.2d 377, 380 (Alaska 1977); *State v. Wortham*, 537 P.2d 1117, 1120 (Alaska 1975); *Murray v. State*, 770 P.2d 1131, 1140 (Alaska App.1989). These findings are amply supported by the record.

■ Amarok nevertheless argues that his total sentence[2] is excessive, citing cases in which we have declined to approve sentences exceeding thirty years of unsuspended imprisonment. *See, e.g., Patterson v. State*, 689 P.2d 146, 151 (Alaska App. 1984); *Tookak v. State*, 648 P.2d 1018, 1020 (Alaska App.1982). We find these cases distinguishable from Amarok's. Given the exceptional seriousness of Amarok's current offenses, his history of similar violent

**2.** Amarok's parole was evidently revoked after his sentencing hearing in this case, and he was ordered to serve the remaining balance on his 1981 convictions—a period of slightly less than three years. In his sentence appeal, Amarok includes this period in his argument that the sentence imposed by Judge Katz was excessive. Our sentence appeal jurisdiction does not extend to actions taken by the parole board, however. Moreover, in evaluating the sentence imposed by Judge Katz, we believe it inappropriate to consider a period of confinement that had not yet been imposed when Judge Katz made her sentencing decision. Upon completion of this sentence appeal Amarok may, of course, move for reduction of his sentences in the current case in light of the action taken by the parole board following his original sentencing hearing. *See* Alaska R.Crim.P. 35(a).

felonies, his poor psychiatric prognosis, and his recalcitrance in the face of both repeated opportunities for treatment and prolonged periods of incarceration, we conclude that Amarok is more readily comparable to offenders for whom we have approved sentences in the range of forty years. *See, e.g., Larson v. State*, 688 P.2d 592, 600 (Alaska App.1984); *Nix v. State*, 653 P.2d 1093, 1101 (Alaska App.1982). *See generally Murray*, 770 P.2d at 1140–44.

Having independently reviewed the entire sentencing record, we conclude that the sentence imposed below was not clearly mistaken. *McClain v. State*, 519 P.2d 811, 813–14 (Alaska 1974).

The sentence is AFFIRMED.