**Charles D. ANDREWS, Jr., Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–6874.

Court of Appeals of Alaska.

Nov. 13, 1998.

---

**15.** 523 P.2d 421, 424 (Alaska 1974).

**16.** *See State v. Jones,* 759 P.2d 558, 569 (Alaska App.1988).

David R. Reineke, Assistant Public Defender, and Barbara K. Brink, Public Defender, Anchorage, for Appellant.

John J. Novak, Assistant District Attorney, Susan A. Parkes, District Attorney, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and
MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

Charles D. Andrews, Jr., committed two robberies on September 1, 1997. In both robberies, Andrews represented that he was armed with a firearm; thus, he could have been prosecuted for first-degree robbery.[1] However, Andrews was in fact unarmed, and in both instances he took very little—a pair of scissors in the first robbery, a can of soda in the second. The State agreed to reduce the charges to second-degree robbery.[2] Andrews pleaded no contest to these reduced charges.

For these two crimes, Andrews was sentenced to a composite term of 14 years' imprisonment. He now appeals this sentence.

Second-degree robbery is a class B felony with a maximum term of 10 years' imprisonment.[3] For purposes of presumptive sentencing, Andrews was a third felony offender, and he therefore faced a presumptive term of 6 years on each robbery count.[4] Based on four aggravating factors (discussed in more detail below), Superior Court Judge Larry D. Card enhanced Andrews's presumptive term from 6 years to 7 years on each count. He then imposed these two sentences consecutively—thus yielding a composite term of 14 years to serve.

On appeal, Andrews asserts that Judge Card committed error when he found three of the four aggravating factors. Andrews also asserts that his composite term of 14 years is excessive.

1. AS 11.41.500(a)(1).

2. AS 11.41.510(a)(1) and (2).

3. AS 11.41.510(b); AS 12.55.125(d).

4. AS 12.55.125(d)(2).

As explained in this opinion, we reverse Judge Card's finding with regard to aggravator (c)(15)—his finding that Andrews had three prior felony convictions for presumptive sentencing purposes. And, because we can not be sure whether Judge Card's sentencing decision would be the same in the absence of this aggravating factor, we remand Andrews's case to the superior court for resentencing.

Andrews was 30 years old at the time of sentencing. He had been in either juvenile or adult custody for most of the preceding 15 years.

In December 1981, Andrews murdered his adoptive father and stepmother. He was adjudged a delinquent minor and was committed to the custody of the Department of Health and Social Services.

Andrews turned twenty in October 1987, and so he was released from juvenile custody.[5] Less than four months later, he committed first-degree burglary and second-degree theft; Andrews and a companion broke into a residence and stole property valued at approximately $7000.

Andrews was convicted of these crimes and was sentenced to 6 years' imprisonment with 2 years suspended (4 years to serve). He was released to concurrent probation and parole supervision on March 4, 1991.

Andrews's parole release lasted only three months. During these three months, Andrews engaged in a series of short employments (some lasting only days). He was reluctant to engage in court-ordered treatment. He also violated the conditions of his probation and parole by drinking and visiting bars. On June 5, 1991, Andrews's probation officer contacted the Kenai police and told them to arrest Andrews if they found him in a bar.

Three days later—in the early morning hours of June 9th—the police found Andrews at a bar. They arrested him and took him to Wildwood Correctional Center. During the booking process, when Andrews's property was inventoried, police found two checks. These checks had been stolen during the burglary of a local church two weeks before.

It turned out that Andrews had broken into the church twice—once in mid-May and then again on the night of June 1st–2nd. During these burglaries, Andrews took several checks on the pastor's account, as well as two checks written by third parties and made payable to the pastor.

Andrews was charged with two counts of second-degree burglary for the two separate break-ins. He ultimately pleaded no contest to one count in exchange for dismissal of the other. Andrews was sentenced to 42 months' imprisonment with 12 months suspended (2½ years to serve). He was released to concurrent probation and parole on March 14, 1994.

Again, Andrews's release was short-lived. In July, his probation officer filed a parole violation report which alleged that Andrews had submitted urine samples that tested positive for cocaine and had failed to report to his probation officer as ordered. Andrews's parole was formally revoked on January 4, 1995.

Andrews was again released on supervision on September 27, 1995. He reported to his probation officer twice in October, but then in November he failed to keep three scheduled appointments for urinalysis. Andrews's final contact with his probation officer occurred on November 16th. After that, according to the pre-sentence report, "Mr. Andrews dropped out of sight".

At the end of February 1996, Andrews's probation officer filed a petition to revoke his probation. The superior court revoked Andrews's probation and, on May 24, 1996, the court ordered him to serve all of his remaining time (including the previously suspended time).

Andrews received his final discharge from custody on January 13, 1997. Eight and a half months later, on September 1st, Andrews committed the two robberies in the present case.

Andrews's argument on appeal consists of two parts: he attacks the superior court's findings on three of the four aggravating factors, and he also contends that his com-

---

**5.** *See* AS 47.12.120(b)(1) and AS 47.12.160(c).

posite sentence of 14 years' imprisonment is excessive.

Judge Card found that the State had proved four of the aggravating factors listed in AS 12.55.155(c). Andrews conceded one of these factors: (c)(19)—that "[his] prior criminal history includes an adjudication as a delinquent for conduct"—the murder of his parents—"that would have been a felony if committed by an adult". However, Andrews contests the other three aggravators: (c)(8), (c)(10), and (c)(20).

Aggravator (c)(8) is that "the defendant's prior criminal history includes conduct involving aggravated or repeated instances of assaultive behavior". To prove this aggravator, the State relied on the fact that Andrews had murdered his parents, as well as Andrews's prison record which showed that he had been disciplined for fighting.

On appeal, Andrews contends that aggravator (c)(8) can not be premised on criminal conduct that the defendant committed as a juvenile. Andrews bases his contention on the fact that aggravator (c)(8) speaks of a defendant's "criminal history". Since unlawful acts committed by a juvenile are not, technically speaking, "crimes", Andrews concludes that a person's "criminal history" does not include adjudications for delinquency. Andrews further argues that "criminal history" does not include criminal acts unless those acts resulted in a conviction.

■ To answer Andrews's contentions, we must analyze what the legislature meant by the term "criminal history". It is clear that the legislature intended a broader meaning than the one Andrews suggests. As noted two paragraphs ago, Andrews conceded aggravator (c)(19). This aggravator is proved when "the defendant's prior *criminal history* includes an adjudication as a delinquent for conduct that would have been a felony if committed by an adult". (Emphasis added.) The wording of aggravator (c)(19) makes it

clear that the legislature intended the term "criminal history" to include acts committed by a juvenile.

As to Andrews's argument that "criminal history" does not include criminal acts unless those acts resulted in criminal convictions, we have repeatedly held to the contrary.[6]

Finally, Andrews attacks the merits of the State's proof. He argues that, even though he was disciplined for fighting in prison, the State failed to show that Andrews had instigated these fights by acts of assault.

■ We need not decide whether these prison incidents constituted acts of assault. Aggravator (c)(8) is proved by evidence that the defendant engaged in either "aggravated" *or* "repeated" instances of assaultive behavior. Because the ordinary meaning of "repeated" is "more than once" or "on more than one occasion",[7] the legislature must have intended aggravator (c)(8) to encompass cases where the defendant previously engaged in even a single prior instance of "aggravated" assault.

■ It is undisputed that Andrews had engaged in a prior instance of aggravated assaultive conduct—the murder of his parents. Therefore, regardless of whether Andrews engaged in assaultive conduct in prison, the aggravator was proved.

We now turn to Andrews's argument concerning aggravator (c)(10)—the finding that Andrews's conduct was among the most serious included within the definition of the offense. To prove this aggravator, the State relied on the fact that, even though Andrews had entered pleas to second-degree robbery, he had actually committed first-degree robbery (because he represented to the victims that he was armed with a firearm). In *Benboe v. State*[8], we said that a defendant's factual guilt of a higher degree of crime could justify a sentencing court in finding aggravator (c)(10).

---

**6.** *See Russell v. State*, 934 P.2d 1335, 1347 (Alaska App.1997), and *Fagan v. State*, 779 P.2d 1258, 1260 & n. 3 (Alaska App.1989) (holding that a defendant's "criminal history", for purposes of aggravator (c)(8), includes incidents that were not prosecuted or that otherwise did not result in convictions).

**7.** *See Konrad v. State*, 763 P.2d 1369, 1379–1380 (Alaska App.1988).

**8.** 698 P.2d 1230, 1232 (Alaska App.1985).

Andrews argues, however, that his factual guilt of a higher degree of crime does not necessarily determine the issue. Rather, he contends, the fact that his conduct amounted to a higher degree of crime must be considered along with all the other aspects of his conduct to determine whether his conduct was among the most serious.

Specifically, Andrews points out that the two robberies were of short duration and that essentially nothing of value was taken (only a pair of scissors and a can of soda). Moreover, Andrews carried no weapon, his victims were not harmed, and Andrews was apprehended a little later without incident. He argues that, even though he may have committed first-degree robbery because he led his victims to believe that he was armed, this fact is of slight significance when judged against the other mitigating aspects of the situation, and thus the superior court should not have found aggravator (c)(10).

■ Whatever the merits of this argument, it was not preserved in the superior court. At sentencing, Andrews's attorney told Judge Card that he conceded the existence of aggravator (c)(10); he simply wanted to urge the court not to weigh this factor heavily. In particular, Andrews's attorney said:

> I realize that the case law, *Benboe* especially, says that when a case could have been charged as a more serious class of felony, [then] technically [the] aggravator [is] established. And I really don't dispute that. Perhaps my argument goes more to the weight that the court should give this aggravator.... I think, in a factual situation like this is, you can find "most serious" and "least serious" [as well]. You can find "most serious" because of the technicality that [Andrews] could have been charged with the greater offense. I think you could also find "least serious", based on the totality of the circumstances.

We therefore find that Andrews's attack on aggravator (c)(10) is not preserved for appeal.

The final aggravating factor at issue in this appeal is aggravator (c)(15)—the finding that Andrews had three prior felony convictions. As described above, Andrews was convicted of both burglary and theft in 1988, and he was convicted of burglary in 1991. Thus, as a factual matter, Andrews had three prior felony convictions.

But under AS 12.55.145(a)(1)(C), two or more felony convictions arising out of a single, continuous criminal episode are deemed a single conviction for presumptive sentencing purposes if (1) there was no substantial change in the nature of the criminal objective and (2) the defendant received concurrent sentences for these offenses. Andrews received concurrent sentences for his 1988 burglary and theft. He argues, moreover, that when a defendant commits burglary with intent to steal and then commits a theft inside the building, there is no substantial change in the nature of the defendant's criminal objective. For these reasons, Andrews contends that the superior court should have treated his 1988 convictions for burglary and theft as a single felony conviction.

Andrews's argument is supported by the legislative commentary to AS 12.55.145(a)(1)(C)—which, in the original version of the statute, was designated subsection (a)(3).

> Subsection (a)(3) provides that two or more convictions arising out of a "single, continuous criminal episode" are to be considered a single conviction unless there was a "substantial change in the nature of the criminal episode." The phrase "single, continuous episode" is intended to limit the applicability of this provision to a single criminal event out of which a number of offenses could be charged. [Take,] [f]or example, the breaking and entering of a building with the intent to commit theft, which can be charged as burglary, and the taking of property in the building[,] which can be charged as theft. *In such an instance, convictions for both burglary and theft would be considered a single conviction under this section. ...*

1978 Senate Journal, Vol. 2, Supp. No. 47 (June 12), p. 157 (emphasis added).

In reply, the State relies on our decisions

in *Amarok v. State* [9] and *Reynolds v. State* [10], where we held that when a defendant commits burglary and theft in a single criminal episode, the offenses are legally separate and do not merge. That is, the defendant is to be convicted of (and sentenced for) each offense.

The State's argument does not answer Andrews's contention, for it is apparent that *Amarok* and *Reynolds* deal with a different issue. *Amarok* and *Reynolds* stand for the proposition that Andrews was validly convicted of both burglary and theft in 1988. But the question in the present appeal is whether those two convictions should be deemed a single prior conviction for purposes of Andrews's sentencing in the present case.

AS 12.55.145(a)(1)(C) is not inconsistent with *Amarok* and *Reynolds*. In fact, the statute is premised on the vitality of those two decisions.

*Amarok* and *Reynolds* establish the rule that a person who commits burglary and theft during a single criminal episode is guilty of two felonies. Section 145(a)(1)(C) exists only because of this rule; by its terms, the statute comes into play only when a defendant has been separately convicted for two or more felonies arising out of the same criminal episode. As the commentary declares, the legislature recognized that a defendant previously convicted of breaking into a building and then stealing property from the building would have two prior felony convictions; the legislature enacted section 145(a)(1)(C) to mitigate the effect of presumptive sentencing on such a defendant.

■ We therefore conclude that the superior court committed legal error when it found that Andrews had three prior felonies for purposes of presumptive sentencing. The remaining question is whether this error requires us to remand Andrews's case to the superior court for resentencing.

It might be argued that, given the other three aggravating factors in this case, the absence of factor (c)(15) could not reasonably be expected to alter Judge Card's sentencing decision. However, Andrews received a composite term of 14 years to serve—quite lengthy for a defendant convicted of class B felonies. We also note that, at least in some respects, Andrews's present offenses are arguably mitigated instances of robbery. We express no opinion on Andrews's claim that his total sentence is excessive. Nevertheless, we conclude that we must remand Andrews's case for resentencing.

The sentencing decision of the superior court is VACATED, and this case is remanded to the superior court for resentencing.

9.   789 P.2d 377, 380 (Alaska App.1990).

10.   706 P.2d 708, 711 (Alaska App.1985).