Spike MILLIGROCK, Appellant,

v.

STATE of Alaska, Appellee.

No. A–8733.

Court of Appeals of Alaska.

July 29, 2005.

**13**

J. John Franich, Assistant Public Advocate, Fairbanks, and Joshua P. Fink, Public Advocate, Anchorage, for the Appellant.

Terisia K. Chleborad, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Gregg D. Renkes, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

In this appeal, the defendant asserts that his sentence was unlawfully increased based on three aggravating factors that were found by his sentencing judge rather than a jury. The defendant argues that this procedure violated his right to jury trial as announced in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

But, as we explain here, two of the aggravating factors were based on the defendant's prior convictions, and *Blakely* allows a judge to rely on a defendant's prior convictions without submitting the issue to a jury. The third aggravator was not based on a prior conviction; but proof of this aggravator— that the defendant and his victim shared the same household—was undisputed. We therefore conclude that the sentencing judge's consideration of this aggravator does not constitute plain error.

### Underlying facts

Spike Milligrock was convicted of third-degree assault for an attack on his long-time girlfriend. Third-degree assault is a class C felony [1], and Milligrock was a third felony offender for purposes of presumptive sentencing. (He had prior convictions for second-degree theft and first-degree burglary, stemming from separate incidents.) Milligrock therefore faced a presumptive term of 3 years' imprisonment.[2]

The State proposed four aggravating factors under AS 12.55.155(c). Milligrock disput-

---

1. AS 11.41.220(d).

2. AS 12.55.125(e)(2).

ed one of these factors (AS 12.55.155(c)(10)), and the superior court ultimately ruled in Milligrock's favor on this aggravator.

However, Milligrock's attorney conceded the other three proposed aggravators: (c)(7)—that one of Milligrock's prior felony convictions was for a more serious class of felony than his current offense; (c)(8)—that Milligrock had a history of repeated assaultive behavior; and (c)(18)(A)—that Milligrock's offense was committed against a person residing in the same household as Milligrock. Moreover, the factual basis for the defense attorney's concession of these three aggravators is apparent from the record.

With regard to aggravator (c)(7), one of Milligrock's prior felony convictions was for first-degree burglary. First-degree burglary is a class B felony[3]—and, thus, it is a more serious class of felony than Milligrock's current offense.

With regard to aggravator (c)(8) (history of repeated assaultive behavior), Milligrock had two prior convictions for fourth-degree assault, as well as two other instances of assaultive behavior that did not lead to assault convictions.

And with regard to aggravator (c)(18)(A), the record shows that the victim of Milligrock's assault was his long-time girlfriend— a woman who had lived with Milligrock for five years and who was the mother of his child.

Based on these three aggravating factors, the sentencing judge increased Milligrock's sentence by adding 1 year of suspended imprisonment to the 3–year presumptive term. That is, Milligrock received a sentence of 4 years with 1 year suspended.

In this appeal, Milligrock contends that this sentence is illegal under *Blakely* to the extent that it exceeds the 3–year presumptive term.

*Our resolution of Milligrock's Blakely claim*

In *Blakely v. Washington,* the Supreme Court held that the Sixth Amendment to the United States Constitution guarantees crimi-

nal defendants a right of jury trial on all factual issues that are necessary to establish a sentencing judge's authority to impose the type of sentence that the defendant received. Thus, when a sentencing judge has no authority to exceed a specified sentencing ceiling unless particular aggravating factors are proved, the defendant has a right to demand a jury trial on those aggravating factors (with the exception of prior criminal convictions). *Blakely,* 124 S.Ct. at 2537–38. If the defendant is denied this right, then the sentencing judge can not exceed the prescribed statutory ceiling. *Id.* at 2538.

Alaska's pre–2005 presumptive sentencing laws are directly affected by the *Blakely* decision—because, under those laws, if a felony defendant was subject to a presumptive term of imprisonment, the superior court had no authority to increase that term of imprisonment (even by the addition of suspended imprisonment) unless the State proved one or more of the aggravating factors listed in AS 12.55.155(c), or unless the State proved extraordinary circumstances as defined in AS 12.55.165. In particular, the pre–2005 version of AS 12.55.125(e) (the statute under which Milligrock was sentenced) declared that a defendant convicted of a class C felony *"shall be sentenced to the following presumptive terms,* subject to adjustment as provided in AS 12.55.155–12.55.175"* (emphasis added)—that is, subject to adjustment for the aggravating and mitigating factors listed in AS 12.55.155(c)-(d), or for extraordinary circumstances as defined in AS 12.55.165.

■ Under Alaska's pre–2005 presumptive sentencing law, proof of aggravating factors (or proof of extraordinary circumstances) expanded the range of sentences available to the superior court (to the defendant's detriment). *Blakely* holds that, under such a sentencing scheme, a defendant has the right to a jury trial on these factors (with the exception of prior convictions). But under Alaska's pre–2005 presumptive sentencing laws, all rulings on aggravating and mitigating factors, and all rulings on extraordinary circumstances (whether favoring the government or the defendant), were made by the

---

**3.** AS 11.46.300(b).

sentencing judge. Thus, Alaska's pre–2005 presumptive sentencing laws provided for sentencing procedures that violated the Sixth Amendment as interpreted in *Blakely.*

■ Moreover, *Blakely* declares that when the defendant's sentencing range hinges on contested aggravating factors, the government is obliged to prove these triggering aggravating factors beyond a reasonable doubt. *Blakely,* 124 S.Ct. at 2536, 2542, 124 S.Ct. 2531. The Supreme Court recently reiterated this rule in *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005): "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker,* 125 S.Ct. at 756.

■ On this point as well, Alaska's pre–2005 presumptive sentencing laws provided for sentencing procedures that violated the Sixth Amendment as interpreted in *Blakely*—because, under AS 12.55.155(f) and AS 12.55.165(a), aggravating factors and extraordinary circumstances did not have to be proved beyond a reasonable doubt, but rather only by clear and convincing evidence.

As we explained above, Milligrock faced a 3–year presumptive term for third-degree assault. If *no aggravating factors had been proved,* this 3–year presumptive term would have been the ceiling on the amount of imprisonment that Milligrock could receive. But based on the State's proof of aggravators (c)(7), (c)(8), and (c)(18)(A), the superior court ultimately increased Milligrock's sentence to 4 years with 1 year suspended—that is, the court added 1 year of suspended imprisonment to Milligrock's 3–year presumptive term.

Milligrock was sentenced in November 2003, approximately seven months before the Supreme Court decided *Blakely.* Thus, in accordance with Alaska's sentencing laws at that time, Milligrock's sentencing judge (not a jury) decided these three aggravators, and

the judge assumedly applied a "clear and convincing evidence" standard of proof rather than requiring the government to prove the disputed aggravator beyond a reasonable doubt. In both of these two respects, Milligrock's sentencing violated the Sixth Amendment as construed in *Blakely.*

■ Even though Milligrock did not object to these procedures at the time, he is nevertheless entitled to raise his *Blakely* claim in this appeal, because his appeal was pending at the time that *Blakely* was decided. Under federal law, "a new rule for the conduct of criminal prosecutions [applies] retroactively to all cases, state or federal, pending on direct review or not yet final". *Griffith v. Kentucky,* 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987). However, because Milligrock did not object to these sentencing procedures at the time, he must now show plain error. *Johnson v. United States,* 520 U.S. 461, 466–67, 117 S.Ct. 1544, 1548–49, 137 L.Ed.2d 718 (1997); *Haag v. State,* 117 P.3d 775, 782 (2005).

With regard to aggravating factors (c)(7) and (c)(8), we find no plain error—indeed, no error at all—because these two aggravators are based on Milligrock's prior criminal convictions.

■ *Blakely* expressly exempts a defendant's prior convictions from the requirement of jury trial. That is, when a defendant's prior conviction is the fact that authorizes a sentencing judge to exceed an otherwise applicable sentencing limit, the sentencing judge can rely on that prior conviction despite the normal *Blakely* requirement of a jury trial. We recently explained the rationale for this exception in *Edmonds v. State:* in the case of a prior conviction, the defendant's rights to jury trial and to proof beyond a reasonable doubt have already been honored.[4]

Accordingly, under *Blakely,* Milligrock's sentencing judge was authorized to decide aggravators (c)(7) and (c)(8) without the need

---

4. *See Edmonds,* 118 P.3d 17, at 21, Alaska App.

Opinion No.1998 (July 29, 2005).

for a jury if the judge's decisions were based on Milligrock's prior convictions.

■ Aggravator (c)(7)—that one of the defendant's prior felonies is of a more serious class than the defendant's current offense—is expressly based on a defendant's prior convictions. Assuming that there is no dispute as to the existence of those prior felony convictions, this aggravator presents no problem under *Blakely*.

■ Aggravator (c)(8)—a history of aggravated or repeated instances of assaultive behavior—does potentially present a *Blakely* problem, because we have construed aggravator (c)(8) to encompass not only prior convictions for assault, but also other verified instances of assaultive behavior.[5] We note that the pre-sentence report in Milligrock's case contains descriptions of assaultive behavior on a couple of occasions that did not result in assault convictions. If the finding of aggravator (c)(8) in Milligrock's case hinged on assaultive behavior that did not lead to assault convictions, then this would raise a substantial issue under *Blakely*.

But, as we explained above, Milligrock had two prior convictions for fourth-degree assault. These two prior convictions were, by themselves, sufficient to establish aggravator (c)(8)—because, in *Andrews v. State*, we construed the word "repeated" in AS 12.55.155(c)(8) to mean "more than once" or "on more than one occasion".[6] (See, for instance, *Murray v. State*, 770 P.2d 1131, 1139–1140 (Alaska App.1989), where we upheld the sentencing judge's finding of aggravator (c)(8) based on two prior convictions for assault.) We therefore conclude that, under the facts of Milligrock's case, the sentencing judge could properly find aggravator (c)(8) without referring this issue to a jury.

■ This leaves aggravator (c)(18)(A)— the fact that Milligrock's assault was committed upon the woman who shared his household. With respect to this aggravator, we

conclude that any *Blakely* error was harmless.

■ The United States Supreme Court has ruled that constitutional errors involving a defendant's Sixth Amendment right to jury trial are not automatic grounds for reversal of a criminal conviction. Rather, courts must apply a harmless error analysis when assessing the effect of Sixth Amendment errors.

For instance, the case of *Johnson v. United States*, 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997), involved a defendant who was convicted of perjury under the federal statute. At the defendant's trial, the judge removed the "materiality" element of perjury from the jury's consideration and decided this element himself. The Supreme Court held that even though the judge's action clearly violated the defendant's right to a jury trial under the Sixth Amendment, the defendant was still obliged to prove plain error—*i.e.*, to prove that the judge's error substantially prejudiced her.[7] The Supreme Court then held that, because the materiality of the defendant's particular false statement was undisputed, the defendant had failed to show prejudice, and thus the Court ruled that her perjury conviction should stand.[8]

In *United States v. Cotton*, 535 U.S. 625, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002), the Supreme Court applied a similar analysis to an *Apprendi* error. The defendants in *Cotton* were indicted for, and ultimately convicted of, conspiring to distribute (and to possess with intent to distribute) a "detectable" amount of cocaine. Federal law prescribed a penalty of up to 20 years' imprisonment for possession of a "detectable" amount of cocaine with intent to distribute. However, at sentencing, the federal judge found (based on testimony presented at the trial) that the defendants had actually possessed more than two kilograms of cocaine base. On the basis of this finding, the judge sentenced the defendants to 30 years' imprisonment under a separate statute that provided much higher

---

5. *See, e.g., Russell v. State*, 934 P.2d 1335, 1347 (Alaska App.1997); *Fagan v. State*, 779 P.2d 1258, 1260 (Alaska App.1989); *Kankanton v. State*, 765 P.2d 101, 102–03 (Alaska App.1988).

6. 967 P.2d 1016, 1019 (Alaska App.1998).

7. *Johnson*, 520 U.S. at 466–67, 117 S.Ct. at 1548–49.

8. *Id.*, 520 U.S. at 468–470, 117 S.Ct. at 1549–1550.

penalties (up to life in prison) for drug offenses involving more than 50 grams of cocaine base.[9]

The defendants did not object to the fact that the judge increased their sentences based on a fact that was not found by the jury. However, while the defendants' case was on appeal, the Supreme Court decided *Apprendi v. New Jersey.*[10] In *Apprendi*, the Court held that "any fact that increases the penalty for the crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[11]

Based on *Apprendi*, the government in the *Cotton* appeal conceded that the sentencing judge had violated the defendants' Sixth Amendment right to jury trial. However, the Supreme Court applied the same harmless-error analysis that it had applied in *Johnson v. United States* and, using that analysis, concluded that the *Apprendi* error did not require reversal of the defendants' sentences.

The Court noted that "[t]he evidence that the [defendants'] conspiracy involved at least 50 grams of cocaine base was overwhelming and essentially uncontroverted."[12] Thus, the Court reasoned, any fact finder who concluded that the conspiracy existed "[s]urely . . . would have also found that the conspiracy involved at least 50 grams of cocaine base."[13] The Court therefore concluded that there it was not plain error for the judge to impose the enhanced sentence. Rather, the Court declared, it would be a threat to the "fairness, integrity, and public reputation of judicial proceedings" if, because of a procedural error that the defendants did not object to, the defendants were to be granted a reduction of their sentences to the levels prescribed for much less serious drug offenses.[14]

In Milligrock's case, the evidence was undisputed that Milligrock's assault was committed upon a woman who had lived with him for five years and who had borne his child. It is true that, under *Blakely*, Milligrock had a right to have this "same household" issue decided by a jury, and a right to demand that the State prove this issue beyond a reasonable doubt. But given the undisputed evidence concerning Milligrock's relationship with the victim, there is no reasonable possibility that a jury would have found in Milligrock's favor on this issue.. Thus, the procedural error with respect to aggravator (c)(18)(A) does not amount to plain error.

*Conclusion*

We conclude that, with respect to aggravators (c)(7) and (c)(8), there was no *Blakely* error. And, with respect to aggravator (c)(18)(A), we conclude that the *Blakely* error does not rise to the level of plain error.

Accordingly, the judgement of the superior court is AFFIRMED.

9. *Cotton*, 535 U.S. at 628, 122 S.Ct. at 1783–84.

10. 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

11. *Apprendi*, 530 U.S. at 490, 120 S.Ct. at 2362–63.

12. *Cotton*, 535 U.S. at 633, 122 S.Ct. at 1786 (quoting *Johnson*, 520 U.S. at 470, 117 S.Ct. at 1544).

13. *Cotton*, 535 U.S. at 633, 122 S.Ct. at 1786.

14. *Id.*, 535 U.S. at 634, 122 S.Ct. at 1787.