STATE of Alaska, Petitioner,

v.

Charles E. HERRMANN, Respondent.

No. A–8977.

Court of Appeals of Alaska.

Aug. 4, 2006.

Nancy R. Simel, Assistant Attorney General, Office of Special Prosecutions and. Appeals, Anchorage, and David W. Márquez, Attorney General, Juneau, for the Petitioner.

Quinlan Steiner (the brief) and Daniel Lowery (oral argument), Assistant Public Defenders, and Barbara K. Brink and Quinlan Steiner, Public Defenders, Anchorage, for the Respondent.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## OPINION

MANNHEIMER, Judge.

Charles E. Herrmann has been convicted, but not yet sentenced, for the crimes of first-degree vehicle theft, felony driving under the influence, and felony refusal to submit to a breath test.[1]  He is subject to presumptive sentencing under the pre-March 2005 version of Alaska's presumptive sentencing law.  The superior court has ruled that the pre–2005 presumptive sentencing law is so constitutionally flawed that it must be thrown out in its entirety—leaving Alaska with a scheme of indeterminate sentencing within the statutory range of punishment specified in AS 12.55.125(c), (d), (e), and (i) for each class of felony.

It is true that Alaska's pre–2005 presumptive sentencing law is flawed in certain respects.  Specifically, some of the provisions of the pre–2005 sentencing law do not comply with the right to jury trial under the Sixth

1. AS 11.46.360(a)(1), AS 28.35.030(n), and AS 28.35.032(p), respectively.

Amendment to the United States Constitution as interpreted in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). But as we explain here, these flaws do not affect Herrmann's sentencing in this case. Because Herrmann has not shown that he is prejudiced by any of the *Blakely* flaws in our pre–2005 presumptive sentencing law, the superior court decided a purely hypothetical controversy when it declared the entire pre–2005 presumptive sentencing law to be unconstitutional. For this reason, we vacate the superior court's decision.

### Background facts

In advance of Herrmann's trial for vehicle theft, driving under the influence, and breath test refusal, the State gave notice that it intended to pursue three of the aggravating factors listed in AS 12.55.155(c) in the event that Hermann was convicted: (c)(6)—that Herrmann's conduct created a risk of imminent physical injury to three or more persons; (c)(8)—that Herrmann's criminal history included aggravated or repeated instances of assaultive conduct; and (c)(21)—that Herrmann's criminal history included repeated instances of criminal conduct similar to the conduct for which he was currently being prosecuted.

Responding to the State's notice of aggravators, Herrmann's attorney argued that, under *Blakely*, Herrmann had a right to a jury trial on these proposed aggravators. Attempting to avoid a *Blakely* problem, the State then declared (1) that it would abandon proposed aggravator (c)(6) (risk of injury to three or more people) and (2) that it would confine its proof of aggravators (c)(8) and (c)(21) to Herrmann's prior criminal convictions—so as to fall within the *Blakely* exception for prior convictions.

(According to the information contained in the State's pleading, Herrmann has seven prior convictions for assault and twelve prior convictions for DUI, as well as one prior conviction for vehicle theft.)

Herrmann's attorney continued to object to the State's aggravators. Although the defense attorney did not dispute the existence of Herrmann's past convictions set forth in the State's pleading, the defense attorney argued that the *Blakely* exception for prior convictions merely allows a sentencing court to take notice of the *number* of a defendant's prior convictions, not the *nature* of those convictions (*i.e.*, not the fact that a conviction was for assault or DUI). The defense attorney also argued that Herrmann was entitled to have a jury decide whether these several past convictions for assault and DUI constituted "repeated" instances of the behavior specified in the two aggravators— *i.e.*, whether Herrmann's seven prior convictions for assault constituted "repeated" instances of assaultive behavior, and whether Herrmann's twelve prior convictions for DUI constituted "repeated" instances of conduct similar to the conduct for which Herrmann was currently being prosecuted.

Superior Court Judge Michael L. Wolverton declined to decide these issues regarding the proper scope of the *Blakely* exception for prior convictions. Instead, he declared that Alaska's pre–2005 presumptive sentencing law was incurably inconsistent with *Blakely* and should, therefore, be thrown out in its entirety.

Judge Wolverton indicated that Herrmann would be subject to indeterminate sentencing within the range of 0 to 5 years' imprisonment specified in AS 12.55.125(e) for class C felonies. (Each of Herrmann's offenses is a class C felony.[2]) The judge also indicated that he would rely on the sentencing factors listed in AS 12.55.155(c)-(d) as guides for selecting a proper sentence within that range.

Following this ruling and following Herrmann's conviction, the State petitioned this Court to review the superior court's decision.

### The superior court decided a question of constitutional law that is not raised in Herrmann's case

Since the time that Judge Wolverton issued his order in this case, we have decided several *Blakely* cases. Some of our decisions

---

**2.** *See* AS 11.46.360(c) (first-degree vehicle theft is a class C felony); AS 28.35.030(n) (felony DUI is a class C felony); AS 28.35.032(p) (felony breath test refusal is a class C felony).

have special relevance to Herrmann's case. In particular, we have held that when (as in Herrmann's case) the State proposes aggravators (c)(8) and (c)(21), there is no *Blakely* problem so long as the State limits its proof to the defendant's prior convictions (at least when the defendant does not dispute the existence of those prior convictions). *See Walsh v. State,* 134 P.3d 366, 374 (Alaska App.2006) ("The State's proof of aggravators (c)(21) and (c)(8) rested on Walsh's uncontested prior criminal convictions. Under these circumstances, both aggravators fell within the *Blakely* exception for a defendant's prior convictions. Thus, [the superior court] was not obligated to submit these two aggravators to a jury."); *Grohs v. State,* 118 P.3d 1080, 1084 (Alaska App.2005) (holding that when aggravator (c)(21) is based on a defendant's uncontested prior convictions, the *Blakely* exception for prior convictions applies, and the aggravator need not be submitted to a jury); *Milligrock v. State,* 118 P.3d 11, 16 (Alaska App.2005) (holding the same with respect to aggravator (c)(8)).

■ In Herrmann's case, the State alleges that aggravator (c)(8) is established by Herrmann's seven prior convictions for assault, and that aggravator (c)(21) is established by Herrmann's twelve prior convictions for driving under the influence. When Herrmann responded to these two proposed aggravators in the superior court, he did not dispute the existence of these prior convictions. Rather, he argued that *Blakely* did not allow the State to rely on these prior convictions to establish the (c)(8) and (c)(21) aggravators without submitting those aggravators to a jury.

Given our decisions in *Walsh, Grohs,* and *Milligrock,* it is now clear that Herrmann's argument was wrong. In other words, consistent with *Blakely,* the State can use Herrmann's undisputed prior convictions to prove aggravators (c)(8) and (c)(21) without the need to submit these aggravators to a jury. Thus, Herrmann's case does not present a *Blakely* problem.

At oral argument, Herrmann's attorney suggested that Herrmann might now wish to dispute the existence of these prior convictions, even though he has not disputed their existence up to this point. But whatever strategy Herrmann may wish to adopt in the future is not pertinent to our decision now.

We granted review in this case to resolve the question of whether, *on the record before him,* Judge Wolverton was justified in declaring the entire pre–2005 presumptive sentencing scheme unconstitutional. Our recent *Blakely* decisions demonstrate that, so long as Herrmann does not dispute the existence of the prior convictions that the State is relying on, Judge Wolverton can rule on the State's two proposed aggravating factors, and can sentence Herrmann under the pre–2005 version of our presumptive sentencing law, without violating *Blakely.*

To the extent that Judge Wolverton believed that the pre–2005 presumptive sentencing law was so irreconcilable with *Blakely* that it needed to be thrown out *in toto,* the fact remains that Herrmann has not shown that he has been prejudiced by our sentencing law's departure from *Blakely.* Thus, the issue of the overall constitutionality of our pre–2005 presumptive sentencing law is not presented in Herrmann's case.

■ Because Herrmann has not shown that his Sixth Amendment rights are being violated by application of the pre–2005 sentencing law to him, Judge Wolverton's ruling that Alaska's pre–2005 sentencing scheme is unconstitutional, and that it must be struck down in its entirety, amounts to an advisory opinion on an issue that is not presented by Herrmann's case.

We acknowledge that when Judge Wolverton made his ruling, several pertinent aspects of *Blakely's* application to our pre–2005 sentencing law remained unresolved, and it may have appeared that *Blakely* posed an insoluble problem for the sentencing proceedings in Herrmann's case. But since the time of Judge Wolverton's ruling, we have issued several decisions addressing the relationship between Alaska's pre–2005 sentencing law and the right to jury trial announced in *Blakely.* These decisions have clarified the legal landscape. In particular, they have clarified the application of *Blakely's* prior conviction exception to cases like Herrmann's.

*Conclusion*

The decision of the superior court—declaring Alaska's pre–2005 presumptive sentencing law unconstitutional and reinstating indeterminate sentencing—is VACATED. The superior court shall sentence Herrmann under the pre–2005 statutes, modifying any procedures as necessary to comply with *Blakely.*